343 So.2d 1163 (1977)
Mrs. Joan TRAHAN, Individually and for and on behalf of the minor, Belinda Sue Trahan, Plaintiff-Appellee,
v.
HIGHLANDS INSURANCE COMPANY et al., Defendants-Appellants.
No. 5822.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1977.
Rehearing Denied April 5, 1977.
Writ Refused June 1, 1977.
Plauche, Smith & Hebert, Allen L. Smith, Jr., Lake Charles, for third party plaintiffs-appellants.
Peter A. Ciambotti, Baggett, McClain & Morgan, William B. Baggett, Scofield, Bergstedt & Gerard, Benjamin W. Mount, Lake Charles, for plaintiff-appellee.
Camp, Carmouche, Palmer, Carwile & Barsh, James E. Williams, Lake Charles, Stockwell, Sievert, Viccellio & Clements by Fred H. Sievert, Jr., Woodley, Fenet & Ranier by Edmund E. Woodley, Lake Charles, for defendant-appellee.
Before CULPEPPER, GUIDRY and FORET, JJ.
GUIDRY, Judge.
In this action Mrs. Joan Trahan filed suit individually and on behalf of her minor child, seeking damages for the death of her husband, Norman Trahan. Norman Trahan was employed by Tiger Well Service, Inc., as a derrickman, and was fatally injured *1164 when an oil rig derrick on which he was working collapsed and fell. The accident occurred on January 3, 1975. Defendants at the trial[1] were certain alleged executive officers of Tiger Well Service, Inc., Arthur Tidwell, President, and Carl McClelland, a driller, and their insurer Highlands Insurance Company; Fred E. Cooper Inc., manufacturer of the carrier unit on which the derrick was mounted: and, Permian Engineering and Manufacturing Company, manufacturer of the derrick and its insurer, Travelers Insurance Company (hereafter collectively referred to as "Pemco"). Various third party demands were instituted by the defendants against one another including a third party demand filed by Arthur Tidwell and Highlands Insurance Company seeking indemnification from Pemco for the amount of any judgment rendered against Tidwell. The principal demand was tried by jury, however, the incidental demands were, pursuant to stipulation of counsel, tried by the judge.
Two non-jury cases were consolidated with the instant matter for trial purposes. We are this day rendering separate decrees in each of these cases, i.e., Tiger Well Service Inc. v. Kimball Production Company, 343 So.2d 1153 (La.App. 3rd Cir. 1977), and Tiger Well Service, Inc. v. Travelers Insurance Company et als., 343 So.2d 1158 (La. App. 3rd Cir. 1977).[2]
After trial, the jury rendered a verdict on special interrogatories finding that the accident occurred as a result of the joint and concurrent negligence of Arthur Tidwell and Pemco and rendered judgment awarding Mrs. Trahan, individually and as tutrix of her minor child, the principal amount of $200,000.00. The remaining defendants were exonerated from fault and accordingly the claims asserted by plaintiff and third party plaintiffs against them were ordered dismissed. The third party demand of Arthur Tidwell and Highlands against Pemco for indemnification was also ordered dismissed for written reasons assigned by the trial court.
Neither plaintiffs nor defendants have appealed from the judgment rendered on the main demand and such judgment is now final. In fact, the judgment in favor of Mrs. Trahan was paid by Travelers and Highlands with credit to the latter for workman's compensation benefits paid.
Tidwell and Highlands timely appealed from the judgment of the trial court which rejected their demand for indemnification from Pemco and in this case the only issue for determination is the correctness of that judgment.
Tidwell and Highlands (hereafter referred to as "Tidwell") contend that the trial court erred as a matter of law in failing to award indemnity against Pemco. Tidwell argues on the basis of Weber v. Fidelity & Casualty Insurance Company of New York, 259 La. 599, 250 So.2d 754 (1971) and Langlois v. Allied Chemical Corporation et al., 258 La. 1067, 249 So.2d 133 (1971), that considering the trial jury's specific finding that the drilling rig manufactured by Pemco was defective and that such defect was a proximate cause of the accident, Pemco is strictly liable to Tidwell for indemnification irrespective of the latters actual negligence. In other words, Tidwell argues that in view of the referred to factual finding, under the cited cases, Pemco is "strictly liable"; that negligence of Pemco is not a necessary ingredient of fault under such circumstances; and, therefore, contributory negligence on the part of Tidwell cannot bar recovery.
We acknowledge the ingeniousness of Tidwell's argument, however, we cannot agree that the legal propositions, alleged by able counsel for Tidwell to have been espoused in the cited cases, are applicable under the circumstances of this case. Nor *1165 do we find that plaintiffs are entitled to the relief sought in their third party demand.
We do not necessarily conclude from a careful reading of Weber that Louisiana has totally adopted the doctrine of "strict liability" in the field of products liability (See Section 402A of the Restatement of Torts, Second, adopted by the American Law Institute in 1965) nor do we conclude that in matters of that kind because of the legal propositions espoused in Langlois contributory negligence would not be an available defense. An in-depth discussion of the holdings of the cited cases would be purely academic and sheer dictum for under the factual findings of this case, the correctness of which neither party disputes, Tidwell is clearly not entitled to the relief sought even if it be conceded for sake of argument that Louisiana has totally embraced the theory of "strict liability" in the field of products liability and that contributory negligence is not an available defense in such cases.
It is axiomatic that in matters involving defective products, whether the theory of "strict liability" be applicable or not, in order to recover the claimant must establish by a preponderance of the evidence that the damages suffered were caused by the defect. Section 402A of the Restatement of Torts, Second, adopted by the American Law Institute in 1965, reads in part as follows:
"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if . . ." (Emphasis ours)
In Weber, supra, Justice Tate speaking for the majority stated:
"Both previous courts correctly found applicable the following legal principles:
A manufacturer of a product which involves a risk of injury to the user is liable to any person, whether the purchaser or a third person, who without fault on his part, sustains an injury caused by a defect in the design, composition, or manufacture of the article, if the injury might reasonably have been anticipated. However, the plaintiff claiming injury has the burden of proving that the product was defective, i.e., unreasonably dangerous to normal use, and that the plaintiff's injuries were caused by reason of the defect. See: Penn v. Inferno Manufacturing Co., 199 So.2d 210 (La.App. 1st Cir. 1967), cert. denied, 251 La. 27, 202 So.2d 649 (1967); Arnold v. United States Rubber Co., 199 So.2d 210 (La.App. 1st Cir. 1967), cert. denied, 251 La. 739, 206 So.2d 91 (1968); Meche v. Farmers Drier & Storage Co., 193 So.2d 807 (La.App. 3d Cir. 1967), cert. denied, 250 La. 369, 195 So.2d 644 (1967); Samaha v. Southern Rambler Sales, Inc., 146 So.2d 29 (La.App. 4th Cir. 1962); Percy, Products Liability, 40 Tul.L.Rev. 715 (1967); Note, 26 La.L.Rev. 447 (1966). See also: Greenman v. Yuba Power Products, Inc., 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049 (1963), Noted 23 La.L.Rev. 810 (1963); Henningsen v. Bloomfield Motors, 32 N.J. 358, 161 A.2d 69 (1960); Annotation, Products Liability, 13 A.L.R.3d 1957 (1967)." (Emphasis ours)
It is true that the jury specifically found that the rig was defective and that the defect was a proximate cause of the accident which resulted in Trahan's death, however, the jury likewise found that Arthur Tidwell was guilty of independent acts of negligence which also proximately caused the death of plaintiff's decedent. In this latter connection, the trial judge in his written reasons for judgment in the consolidated cases stated as follows:
"The jury found Arthur Tidwell negligent, which negligence was a proximate cause of the accident. There is ample evidence upon which the jury could have concluded this. The expert testimony of Mr. Weaver, was that the existence of a proper anchor system would have delayed the toppling of the derrick for a matter of seconds. It was further shown that in a matter of seconds the derrick man could *1166 have removed his belt and possibly used a `geranamo' (sic) line for escape, if it had been available to him. No `geranamo' (sic) line was placed upon this derrick. The jury could have concluded that this lack of a `geranamo' (sic) line and the lack of proper anchoring was negligence, which was a proximate cause of the death of Norman Trahan. . . ."[3]
We agree with these conclusions of the trial court.
Tidwell and Highlands, were found responsible in damages to the Trahans, not by reason of the manufacturing defect of Pemco, but rather because of the independent acts of negligence on the part of Tidwell. Tidwell could not have been found responsible in damages to the Trahans because of this defect. This being so it necessarily follows that the damages which Tidwell seeks to recover by way of indemnification from Pemco did not arise as a result of the defect and Weber and Langlois are clearly inapplicable.
Considering the factual findings of the trial jury and trial judge, the correctness of which none of the parties assail, the court properly determined that Tidwell and Pemco were solidarily liable to the Trahans and that Tidwell is not entitled to indemnification over against Pemco. R.C.C. Article 2103.
For the above and foregoing reasons the judgment appealed from is affirmed appellants to be cast for all costs of this appeal.
AFFIRMED.
NOTES
[1] Other parties originally named as defendants were dismissed before submission of the matter to the jury.
[2] The facts giving rise to this suit are detailed in the opinion we render this day in Tiger Well Service Inc. v. Kimball Production Company, 343 So.2d 1153 (La.App. 3rd Cir. 1977).
[3] The proper name of this safety device is "geronimo" line.