STOKER, Judge.
This is an appeal from an award made to plaintiff on the grounds that the defendant-appellant, General Motors Corporation (General Motors), sold to the plaintiff a pickup truck which had a defective accelerator which stuck while the plaintiff was driving and caused an accident. The trial judge based the award on the fact that General Motors admitted the defect, as evidenced by a recall campaign of trucks of the same model regarding defective accelerators. Because we find that plaintiff has failed to prove that the admitted defect could have been the cause of the accident and because we find that the single instance of plaintiffs accelerator sticking would not justify a conclusion as to the existence of an unknown manufacturing or design defect, we reverse.
On January 2, 1979, the plaintiff, Dr. LaBorde, was coming home from duck hunting at approximately 10:00 AM on a highway north of Hessmer, in Avoyelles Parish, when he noticed a vehicle approaching at a rapid speed from the rear. The plaintiff’s vehicle was approaching a curve. The plaintiff testified that because he feared an accident, he veered to the right shoulder and placed his right tires on the shoulder to allow the vehicle to pass. The other vehicle passed and was not involved in plaintiff’s mishap. The plaintiff testified that as he veered back onto the road, he attempted to decelerate, but the accelerator *1334 stuck and his vehicle increased in speed. He subsequently lost control, his vehicle veered across the opposite lane and turned on its left side and slid across a driveway into a tree. The plaintiff had experienced no accelerator sticking difficulties prior to the accident, nor did he after the accident. The plaintiff was not physically injured and sued for property and general damages.
Defense witnesses produced a portion of a computer print-out as evidence that General Motors sent to Dr. LaBorde a letter in the Fall of 1977 which was approximately one year and three months prior to the accident. The print-out was a General Motors mailing list used to send a notice of recall and repair (referred to as a product safety campaign letter) for an accelerator defect in trucks of the same model as that which was wrecked. The defect described in the notice was that the accelerator was likely to catch on the rubber floor mat of the vehicle. It would catch if the driver of the vehicle had fully applied the accelerator enough times for the accelerator pedal to wear a hole in the rubber mat and the carpeting of the floor.
The plaintiff and his wife testified that they did not receive the 1977 letter from General Motors. However, in March 1979, three months after the accident, the plaintiff did receive a letter from Ideal Chevrolet, a local Chevrolet dealership, requesting that he bring his truck in to repair the accelerator difficulty. The plaintiff complied with this request.
One of the defense witnesses testified that he inspected the vehicle but found no holes in the floor mat which would have caused the accelerator to catch as described in the General Motors notice. Photographs present in the record show that there were no such holes. Dr. LaBorde testified he had never changed the carpet or floor mat.
For plaintiff LaBorde to prevail in this action it was necessary that he prove his Chevrolet pick-up truck contained a defect and that defect caused his accident. Weber v. Fidelity & Casualty Insurance Company of New York, 259 La. 599, 250 So.2d 754 (1971); LoBrono v. Gene Ducote Volkswagen, Inc., 403 So.2d 723 (La.1981). See discussion and citations in Trahan v. Highlands Ins. Co., 343 So.2d 1163 (La.App. 3rd Cir.1977), writ denied, 346 So.2d 208 (La.1977). More specifically plaintiff must have proved his accelerator stuck as a result of a defect in manufacture which resulted in his losing his control. The trial court found this to be the case and held for the plaintiff. The trial court’s finding was clearly wrong.
The error of the trial judge consisted in confusing the acknowledged defect described in the product safety campaign letter of General Motors, a defect consisting of a mere potential, with the actual development of the kind of defect which could cause an accelerator to stick. The only defect acknowledged by General Motors in the letter was that in certain of its trucks “[t]he accelerator pad rod, in combination with the pedal installed on subject vehicles, may cut through the floor pan rubber mat or .carpet into the thick resilient insulation underneath during heavy or repeated full throttle applications.” (Emphasis supplied.)
The letter further explained that if this cutting did, in fact, take place, then the accelerator pedal rod might catch in the mat or carpet and stick. It is obvious that as long as the rod did not cut through, there was no actual extant condition which would cause an accelerator to stick. All that was present in LaBorde’s truck was the potential that the rod might at some time cut through the mat or carpet into the insulation pad underneath. Had the potential actually developed, then the vehicle could be assumed to have a kind of defect which more probably than not caused the accelerator to stick.- However, this feared result did not develop and was not existent.
The mere potential for the pedal rod and the pedal to cut the pads could not cause a sticking of the accelerator. The potential or possibility had to develop into actuality before sticking could result from the acknowledged defect. Inasmuch as the evidence shows that the feared result of a cut in the floor mat or carpet did not develop, the trial court was clearly wrong in holding *1335 that the defect acknowledged by General Motors Corporation was a defect which caused Dr. LaBorde’s accelerator to stick.
The analysis above may be stated in terms of causation. As we pointed out it was necessary that plaintiff prove both the existence of a defect and that the defect caused the accident. The mere potential or possibility for the floor pads to become cut (which would present a further possibility for the accelerator to catch in the mat or carpet) was not a cause in fact of plaintiff’s accident. The sticking of the accelerator had to have resulted from some cause other than the possibility, never realized, contemplated in defendant’s safety campaign letter.
Does the sticking of the accelerator give rise to a presumption that some other unknown defect in the pickup truck caused the accelerator to stick?
Dr. LaBorde testified positively that the accelerator stuck. The only evidence we have to consider is one isolated instance of a malfunction. It never stuck prior to the accident nor afterwards. No one, apparently, knows why the accelerator stuck. Although the accelerator did not stick because of a cutting of the floor pads, it may be that plaintiff is resting his case on some unknown (assumed) defect.
We would not be warranted in jumping to the. conclusion that the sticking occurred because of some unknown defect in design or manufacture of the truck. Hartford Fire Insurance Co. v. Maytag Co., 374 So.2d 1269 (La.App. 3rd Cir.1979). The sticking presumably occurred because of some mechanical failure, but such a mishap is not necessarily attributable to defect in design or manufacture. One might reasonably speculate, for example, that the sticking resulted from maintenance problems. Therefore, the plaintiff has not shown that the sticking of the accelerator more probably than not resulted from an unknown manufacturer or design defect.
Plaintiff relies on a number of cases in support of his argument that defendant manufacturer is liable. In all of those cases a developed and existing defect caused a breakdown in the vehicles involved as contrasted with a single isolated instance of a malfunctioning accelerator. The facts of those cases and the facts and circumstances of Dr. LaBorde’s case before us are not similar. Therefore, the cases relied on by him are not applicable.
For the foregoing reasons, the judgment •appealed from is reversed and judgment is hereby rendered in favor of defendant, dismissing plaintiff’s suit. All of the costs of this proceeding, both in the trial court and in this appeal, are assessed to plaintiff-ap-pellee.
REVERSED,,