Edward **MYERS**

v.

**J. A. McCARTHY, INC.,**

**Hilmar Reksten,**

**and**

**R/A Hadrian**

v.

**HAENN SHIP CEILING AND REFITTING CORP.**

Civ. A. No. 76–1558.

United States District Court, E. D. Pennsylvania.

March 22, 1977.

Charles Sovel, Philadelphia, Pa., for plaintiff.

Robert B. White, Jr., Philadelphia, Pa., for J. A. McCarthy, Inc.

Carl A. Putz, Philadelphia, Pa., for Reksten and Hadrian.

Joseph R. Thompson, Philadelphia, Pa., for Haenn Ship Ceiling and Refitting Corp.

## MEMORANDUM

GORBEY, District Judge.

On May 14, 1975, the plaintiff was employed by third-party defendant, Haenn Ship Ceiling and Refitting Corp., which had been engaged as an independent contractor to secure a cargo of Mack Trucks aboard the M/V *Justinian*, a vessel owned by defendants, Hilmar Reksten and R/A Hadrian. The trucks were loaded aboard the vessel in Philadelphia by an independent stevedoring contractor, J. A. McCarthy, Inc., also a defendant. Plaintiff, having sustained an injury, instituted suit against

the aforementioned defendants, one of whom, J. A. McCarthy, Inc., stevedore, brought in Haenn Ship Ceiling and Refitting Corp., alleging a cause of action for contribution against it in the third-party complaint. Third-party defendant has filed a motion to dismiss third-party complaint contending that it cannot be held liable for indemnity or contribution to the third-party plaintiff, relying upon the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 905, as amended November 26, 1972. Third-party plaintiff, of course, disagrees with that contention.

It appears that the issue is one of first impression in the Third Circuit; it also appears that there is precious little authority to be found in any of the other circuits. Section 906 of the Act originally provided, *inter alia*:

> "The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death . ."

In 1946, it was held in *Seas Shipping Co., Inc. v. Sieracki*, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, that the warranty of seaworthiness was also available to the injured longshoreman. In 1953, it was held in *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143, that the warranty of seaworthiness was available to other harbor workers injured on a vessel.

In 1956, in a case where it was alleged that the stevedore's actions caused the unseaworthy condition, it was held that an action by the vessel against the stevedore based on implied contract to perform his duties in a workmanlike manner was not barred by the exclusivity provision of Section 5 of the Longshoremen's and Harbor Workers' Compensation Act. *Ryan Stevedoring Co., Inc. v. Pan-Atlantic Steamship Corp.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed.

133. This decision led to a revision of Section 905 of the Longshoremen's and Harbor Workers' Compensation Act, by adding to it subsection 5(b), 33 U.S.C. § 905(b), which provides in part as follows:

> "In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action *against such vessel* as a third party in accordance with the provisions of section 933 of this title *and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void . . . the liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred.* The remedy provided in this subsection shall be *exclusive of all other remedies against the vessel* except remedies available under this chapter." (Emphasis added)

In *Streatch v. Associated Container Transp., Ltd.*, 388 F.Supp. 935 (C.D.Cal. 1975), another case of first impression, although involving a different issue, it was held that the words "exclusive of all other remedies" applied only to remedies against the vessel owner *qua* vessel owner, therefore the statute does not bar action by a longshoreman against the vessel for strict liability in the same situations in which a non-maritime worker could sue for strict liability.

■ The employer's liability under the Act is exclusive of all other liabilities of the employer to the employee. *Louviere v. Shell Oil Co.*, 509 F.2d 278, footnote 3 p. 281 (5th Cir. 1975).

■ This leaves open the question, however, whether there may be some legal basis for the employer's liability to a third-party such as third-party plaintiff, J. A. McCarthy, Inc., stevedore, in this case. Since the employer's liability to the injured employee is not a tort liability, it cannot, under the statute, be regarded as a tort-

feasor; consequently, it could not be held liable for contribution to a third-party even though some negligence could be established on the part of the employer. There can be no basis for contribution between two parties who are negligent if one of the parties enjoys a statutory immunity to tort liability. Just as it takes two to tango, contribution between parties requires legal liability on the part of each.

█ It was held in *Cooper Stevedoring Co., Inc. v. Fritz Kopke, Inc.,* 417 U.S. 106, 94 S.Ct. 2174, 40 L.Ed.2d 694 (1974) that contribution may be awarded between joint tort-feasors in a non-collision maritime case. In that case, the action was brought by an employee of a second stevedore against the owner and time charterer of a vessel for injuries sustained when he stepped into a concealed gap between crates loaded by the first stevedore. The vessel owner and time charterer sought indemnity from first stevedore. The Court held that the vessel which was held liable in personal injury action by the longshoreman, an employee of the second stevedore, for injury sustained in a fall on cargo loaded by the first stevedore, was entitled to recover contribution from the first stevedore. This, the Court said, was because the injured longshoreman could have proceeded directly against the first stevedore, or both the vessel and the first stevedore. Thus, the allowance of contribution was based upon the fact that there were joint tort-feasors either or both of which could be held responsible for the negligence toward the plaintiff. Since the injured employee could have elected to make each party bear its share of the damages, the Court concluded that there was no reason why the vessel should not be accorded the same right. Such being the basis for the allowance of contribution between two parties neither of which enjoys immunity from tort liability, the present third-party plaintiff's assault on the citadel of "immunity" must fail.

As the court wrote in *Fitzgerald v. Compania Naviera La Molinera,* 394 F.Supp. 402, 411 (E.D.La.1974):

"As now traced out, the pattern of the LHWCA is that the burden of employee injury must rest on the employer, but its liability is restricted to compensation; the burden of injuries caused by the fault of a third party rests on the third party without recourse to risk shifting . . ."

Stated differently, a recognized purpose of the Act is "to protect employers who are subjected to absolute liability by the Act". *Pope & Talbot, Inc. v. Hawn,* 346 U.S. at 412, 74 S.Ct. at 206 (1953).

In *White v. Texas Eastern Transmission Corporation,* 512 F.2d 486 (5th Cir. 1975), after referring to an earlier case, *Ocean Drilling and Exploration Co. v. Berry Bros. Oilfield Service Inc.,* 377 F.2d 511, the court wrote:

". . . We held, after citing the exclusive liability provision of L & H, 33 U.S.C. § 905, as follows:

"It is thus apparent that the Act's exclusive liability provision effectively abrogates any independent tort liability of the employer to its employees, *thereby eliminating any basis which may have existed for indemnification on a tort theory.* Thus, while the employer may continue, even in spite of the exclusive liability provision of the Act, to remain liable for indemnity on the basis of an express or implied contractual obligation, in the absence of such obligation, as here, there simply exists no underlying tort liability upon which to base a claim for indemnity against the employer . . .

"Without more, this would seem to end the matter. For, it is clear from a reading of ODECO and other cases that there must be some underlying tort liability predicated on a breach of the employer's duty in order for a right of indemnity to arise in a third party . . ." (Emphasis supplied)

Id. at pp. 488, 489.

After pointing out that Section 905 of the Act had extinguished tort liability in favor of a compensation scheme, the court logically concluded that there was no support for a third-party's indemnity claim.

Since the third-party plaintiff is not a vessel, any right to indemnity would have to rest upon a contract between the third-party plaintiff and the employer. There is no allegation that such a contract exists in the instant case.

It follows, therefore, that the motion of the third-party defendant to dismiss must be granted.