Michael KANE

v.

FIRESTONE STEEL PRODUCTS CO.

v.

NORTHERN METAL COMPANY.

No. 78–383.

United States District Court,
E. D. Pennsylvania.

Dec. 11, 1978.

Charles Sovel, Philadelphia, Pa., for plaintiff.

William E. Rapp, Philadelphia, Pa., for defendant.

Andrew C. Hecker, Jr., Philadelphia, Pa., for third-party defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is the motion of third-party defendant Northern Metal Company ("Northern") to dismiss the third-party complaint of Firestone Steel Products Company ("Firestone") for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated below, Northern's motion will be granted.

Plaintiff Michael Kane ("Kane"), a longshoreman,[1] claims to have been injured while engaged in loading operations at the port of Philadelphia involving the S.S. RIO DESCEADO ("the vessel") pursuant to a stevedoring contract between the vessel and Kane's employer, Northern. Kane, alleging jurisdiction based upon diversity of citizenship and an amount in controversy in excess of $10,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1331, filed suit in this Court against Firestone. In his complaint, Kane alleged that Firestone was the manufacturer and shipper of certain cargo and that Firestone's negligence with respect to the manufacture and shipping of that cargo had caused his injuries. Firestone then filed a third-party complaint against Northern alleging that any injuries suffered by Kane were due to Northern's negligence and that, therefore, Firestone was entitled to indemnification and/or contribution from Northern. Northern now seeks to have Firestone's third-party complaint dismissed on the ground that any direct or indirect claims against Northern arising out of injuries to its employee are barred by the Longshoreman's and Harborworkers' Act, 33 U.S.C. § 901, *et seq.* (1970 and Supp. V 1975) ("the Act").

In support of its motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), Northern argues that § 904 of the Act[2] provides for compensation to be paid by an employer to an employee longshoreman in the event of injury and that § 905 of the Act[3] provides that such compensation shall be in lieu of all other liability on account of such injury to the employee. In response, Firestone argues that § 905(a) serves only to limit third-party claims by vessels against an employer and not claims by shippers, manufacturers or other non-vessel third parties against a plaintiff's employer. In support of this, Firestone believes that § 905(a) must be read in conjunction with § 905(b), which states that an injured party may "bring an action against such vessel . . . and the employer shall not be liable to the vessel for such damages directly or indirectly . . . ." 33 U.S.C. § 905(b). Firestone urges that, in view of the specificity with which Congress sought to bar claims by vessels against employers, it certainly would have been equally specific if it had intended to bar such claims by non-vessel parties.

We cannot agree with Firestone's interpretation of § 905(b). Subsection 905(b) was added to the Act in 1972, P.L. 92–576 (1972), and it is clear from the legislative history of the 1972 Amendments that § 905(b) was added to the Act not to alter the substantive effect of the existing provisions, but rather to deal with the liability being imposed upon employers of dock workers based upon the unseaworthiness and warranty theories as enunciated by the Supreme Court in *Seas Shipping Co. v. Sier-*

---

1. The Court notes that the pleadings clearly demonstrate that Kane was a "longshoreman" within the coverage of the Longshoreman's and Harborworkers' Act, 33 U.S.C. § 901, *et seq.*

2. 33 U.S.C. § 904 reads, in pertinent part:

   (a) Every employer shall be liable for and shall secure the payment to his employees of the compensation payable under sections 907, 908, and 909 of this title. In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of

the subcontractor unless the subcontractor has secured such payment.

   (b) Compensation shall be payable irrespective of fault as a cause for the injury.

3. 33 U.S.C. § 905(a) reads, in pertinent part:

   The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative . . . and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death . . . . .

*acki,* 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946), and *Ryan Stevedoring Co. v. Pan Atlantic S.S. Corp.,* 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956), respectively.[4] 1972 U.S.Code Cong. & Admin.News pp. 4698, 4701, "Elimination of Unseaworthiness Remedy." Furthermore, this Court has held on several occasions that § 905(a) was intended to relieve employers of third-party liability to vessels as well as to non-vessels. For example, in *Blackburn v. Eaton Corp.,* Civil Action No. 76–2148 (E.D. Pa., March 31, 1977), it was held that the defendant forklift manufacturer could not bring a third-party claim against the plaintiff's employer because, on its face, the plain language of § 905(a) barred any such claims for indemnity, the employer's sole liability being that of compensation under the statute. Similarly, in *Kridlow v. American Export Lines,* Civil Action Nos. 74–2442 and 75–2958 (E.D.Pa., April 13, 1977), focusing on the phrase "directly or indirectly" in § 905(a), Judge Joseph L. McGlynn, Jr., on similar reasoning held that § 905(a) barred a third-party claim by a supplier of packing crates. *See also Myers v. J. A. McCarthy,* 428 F.Supp. 656 (E.D.Pa.1977) (§ 905(a) barred a third-party claim by a separate stevedoring firm). We agree with these decisions and with the manner in which the Court in *Fitzgerald v. Compania Naviera La Molinera,* 394 F.Supp. 402 (E.D. Pa.1974), expressed its reasoning when it stated:

> As now traced out, the pattern of the LHWCA is that the burden of employee injury must rest on the employer, but its liability is restricted to compensation; the burden of injuries caused by the fault of a third party rests on the third party without recourse to risk shifting. . .

*Id.,* at 411. Accordingly, in respect to the grounds asserted by the parties above, we hold that Firestone is barred by § 905(a) from asserting a claim for indemnity and/or contribution against Northern. *See Louviere v. Shell Oil Co.,* 509 F.2d 278 (5th Cir. 1975).

█ Firestone next argues that *Cooper Stevedoring Co. v. Kopke,* 417 U.S. 106, 94 S.Ct. 2174, 40 L.Ed.2d 694 (1974), stands for the proposition that there is a general right of contribution between joint tortfeasors in non-collision maritime cases and that, therefore, it is entitled on that ground to maintain a third-party claim against Northern. On the contrary, we find that the principle announced in *Cooper Stevedoring* is inapplicable in a situation in which one party enjoys an absolute statutory immunity such as Northern does here. *See Myers v. J. A. McCarthy, supra.*

█ Firestone's final argument is that it is the beneficiary of a provision in the stevedoring contract between the vessel and Northern, which allegedly constitutes a promise by Northern to indemnify a shipper of cargo. Clause 8 of that contract states:

> Northern Metal reserves the right to refuse to load or discharge, *without liability for default hereunder,* any cargo in those instances where, because of the nature of the cargo or its stowage, or the condition of the vessel, Northern Metal, in its sole judgment, shall determine that such handling will seriously endanger the lives, safety or health of its employees. (Emphasis added.)

While courts have suggested that an employer may contractually agree to indemnify another for injuries to an employee, *White v. Texas Eastern Transmission Corp.,* 512 F.2d 486 (5th Cir. 1975), Clause 8 of this contract furnishes no such right to Firestone. The plain meaning of this provision is to excuse the stevedore's nonperformance

---

4. *Seas Shipping Co. v. Sieracki,* 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946), held that an injured longshoreman could maintain an action based on unseaworthiness against a vessel without proving negligence. In *Ryan Stevedoring v. Pan Atlantic S.S. Corp.,* 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956), the Supreme Court held that a vessel sued on an unsea-worthiness theory by a longshoreman could maintain a third-party action for indemnification against the employer on a theory of express or implied warranty to do a workmanlike job. The effect of these two decisions was to impose liability for employees' work-related injuries indirectly on the employer, in addition to liability under § 904 for compensation.

of its foremost contractual obligation to handle cargo if it determines it would be unsafe to do so. We hold, therefore, that there existed no contractual right of Firestone to contribution from Northern for claims such as that being made by the plaintiff here.

Northern's motion to dismiss the third-party complaint of Firestone, pursuant to Fed.R.Civ.P. 12(b)(6), will be granted. An appropriate Order will be entered.