**Terry ODOM and Alene Odom,**
**Plaintiffs,**

v.

**MONOGRAM INDUSTRIES, INC.; Standard Supply & Hardware Company, Inc. and Eaton Corporation, Defendants and Third Party Plaintiffs,**

v.

**NOBLE DRILLING CORPORATION,**
**Third Party Defendant.**

**Civ. A. No. G–81–237.**

United States District Court,
S.D. Texas,
Galveston Division.

Jan. 28, 1983.

Douglas W. Poole, McLeod, Alexander, Powel & Apffel, Galveston, Tex., for defendants and third party plaintiffs.

Barclay A. Manley, Fulbright & Jaworski, Houston, Tex., for third party defendant.

## ORDER

HUGH GIBSON, District Judge.

BEFORE THE COURT is third-party defendant Noble Drilling Corporation's motion for summary judgment. Plaintiff Terry Odom was injured when a hoist manufactured and distributed by defendants Monogram Industries and Eaton Corporation fell on him. Plaintiff was an employee of Noble Drilling Corporation which owned and operated the fixed oil rig platform. Noble was the purchaser/user of the hoist. Third-party plaintiffs allege that Noble modified, inadequately maintained, and improperly repaired the hoist, resulting in "a breach of the warranty of workmanlike performance owed third-party plaintiffs." Third-party plaintiff petition ¶ IV. In response, Noble claims that it is immune from liability under § 905(a) of the Longshoremen & Harbor Workers Compensation Act. 33 U.S.C. § 905(a).

Section 905(b) prohibits a vessel owner from seeking indemnity from the longshoreman's employer. Whether § 905(b) would also prohibit indemnity claims by non-vessels against an employer has not been decided by the Fifth Circuit. *See Pippen v. Shell Oil Co.,* 661 F.2d 378, 387 (5th Cir.1981). *See also, Zapico v. Bucyrus-Erie Co.,* 579 F.2d 714, 721–22 (2d Cir.1978). Neither party in the case before the Court argues that § 905(b) bars the attempt by defendants to seek indemnity from Noble.

■ Instead, Noble concentrates on § 905(a), stating that no contract, either express or implied, exists which would provide a basis for indemnity. Section 905(a) prohibits suits against the employer "on account of" the injury the employee sustains. 33 U.S.C. § 905(a). Suits for indemnity that are not on account of the employee's injury are not barred. *See Ryan Stevedoring Co. v. Pan-Atlantic Steamship Co.,* 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956) (suit on express or implied warranty of workmanlike service not on account of the injury).

■ Absent an express obligation, the relationship of the manufacturer/seller and the purchaser/user does not establish an implied agreement by the buyer to indemnify the seller for the buyer's negligence. *Zapico, supra* at 723; *White v. Texas Eastern Transmission Corp.,* 512 F.2d 486, 488 n. 5 (5th Cir.1975); *In re General Dynamics Asbestos Cases,* 539 F.Supp. 1106, 1110–1111 (D.Conn.1982). In *Zapico* the Second Circuit held that no right of indemnification existed between the defendant, the crane manufacturer, who the plaintiff longshoreman claimed had negligently manufactured the crane, and third-party defendant, the stevedore, who the defendant claimed had negligently misused the crane. Consequently, the crane manufacturer's claim against the plaintiff's employer was barred under § 905(a). *Zapico, supra* at 722–23.

■ In this case, Monogram and Eaton are the manufacturers/distributors of the hoist; Noble is the purchaser/user. There is no express indemnification. The relationship of these parties does not create any implied agreement of the user to indemnify the manufacturer. Noble's negligence whatever its shape—product misuse or improper repair and maintenance of the product—does not imply indemnification where none existed to begin with. Hence, the Court finds that defendants' distinction of *Zapico*—that *Zapico* involved misuse only while misuse *and* failure to maintain are alleged herein—is a distinction without difference.

Finally, any tortious breach of duty by Noble was a duty owed its employees—and not defendants—to use and maintain the hoist in a non-negligent manner. This liability was extinguished by § 905(a). *See White, supra* at 4899; *Holden v. Placid Oil,* 473 F.Supp. 1097, 1100–01 (E.D.La.1979). There can be no claim for indemnity on the basis of this breach of duty. *Id.*

Therefore, the Court finds no basis in law for the theory of indemnity put forth by third-party plaintiffs. Accordingly, it is

ORDERED, ADJUDGED and DECREED that third-party defendant's motion for summary judgment is GRANTED; and third-party plaintiffs' claim against Noble is DISMISSED.