**DOCKSIDE TERMINAL SERVICES,**
**Appellant,**

v.

**PORT HOUSTON MARINE,**
**INC., Appellee.**

**No. 01–82–0851–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 21, 1983.

Rehearing Denied Aug. 25, 1983.

C. L. Solomon, Houston, for appellant.

Stephen M. Vaughn, Gray H. Miller, Robert E. Speed, Houston, for appellee.

Before SMITH, BASS and COHEN, JJ.

## OPINION

COHEN, Justice.

Ralph Barrios was employed by appellee (Port Houston) on October 24, 1979, when he was injured in the course and scope of his employment while performing maintenance upon the motor vessel Laredo. He was injured when struck by a crane owned and operated by appellant (Dockside). Barrios sued Dockside for his injuries, and Dockside filed a third-party suit for indemnity, based upon an alleged implied provision in its oral contract with Port Houston. Dockside claimed it had entered an oral contract with Port Houston for Port Houston to do certain repair work aboard the Laredo, with the agreement that Dockside would furnish a crane and crane operator necessary to perform the work. Dockside was performing maintenance on the Laredo at the time.

Dockside's agent, Captain Tong, swore that he orally agreed with Port Houston's agent for Dockside to provide a crane and crane operator for use by Port Houston in installing a crane pedestal on the Laredo. Dockside agreed to furnish the crane and operator because it was available, necessary, and would save Dockside the expense of having the crane furnished by Port Houston. Tong further testified that the usual industry practice was for the user of crane services, Port Houston, to provide a flagman to direct the movement of the crane and, because of such industry practice, it was impliedly understood by both parties at the time the contract was entered that a flagman would be provided by Port Houston. It is undisputed that no flagman was furnished, and when Barrios was injured, the crane was in use without a flagman directing its movement. Barrios alleged that the negligence of Dockside was the cause of his injuries, and Dockside, in its third party suit against Port Houston, alleged that Barrios' injury was not due to its negligence, but to Port Houston's breach of the implied requirement to furnish a flagman in the oral contract between Dockside and Port Houston.

The battle lines were thus drawn as follows: Barrios (the individual plaintiff) versus Dockside (the contractor with the motor vessel Laredo and the allegedly negligent crane operator) versus Port Houston (Barrios' employer and the alleged violator of its implied promise to provide a flagman).

Port Houston made a successful motion for summary judgment based upon the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.*

Port Houston specifically relied upon § 905 which has two parts, and it is unclear from the motion for summary judgment and order granting it which part formed the basis for the court's judgment. We hold, however, that neither portion of § 905 justifies a summary judgment in this case.

■ Section 905(a) prohibits actions against the employer (Port Houston) of a covered employee (Barrios) by third parties (Dockside) for damages "on account of" the injury to the employee. However, "... suits for indemnity that are not 'on account of' the employee's injury are not barred by § 905(a). Thus, for instance, a suit for contract-based indemnity (based on either an express or implied contract) would not be barred by § 905(a)." *Pippen v. Shell Oil Company,* 661 F.2d 378, 386 (5th Cir.1981). "In the event of a suit by a third party (Dockside) against the employer (Port Houston) based on a contract indemnity— express or implied—the recovery against the employer (Port Houston) is not on account of the injury—it is on account of the contract of indemnity." *Pippen, supra,* at 386–87 footnote 14.

■ Nor does § 905(b) free Port Houston from liability. Section 905(b) bars liability of the employer (Port Houston) to a vessel only. We are not here concerned, however, with Port Houston's liability to the vessel, Laredo. We are concerned with Port Houston's liability to Dockside, and Dockside is not a vessel, nor is it the owner of the Laredo. In *Pippen, supra,* the court stated:

> In addition, it appears that an action by Shell Oil (lessee of the vessel) against Superior Electric (the employer of the injured individual, Pippen) based on an express or implied contract of indemnification is also not barred by § 905(b). That section expressly cuts off indemnity only to a "vessel" and makes no specific reference to the right of a third party nonvessel, such as Shell Oil, to bring an indemnity action against the employer. Like the Second Circuit, we would hesitate to hold that § 905(b) by its own force cuts off the availability of *Ryan* [*Stevedoring Co. v. Pan-Atlantic Steam-*

*ship Corp.,* 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133] indemnity to a nonvessel in all cases where the concurring negligence of a stevedore company has caused injuries to the latter's employees, ... for example, ... where there is a direct contractual relationship between the third party and the stevedore, or where the third party is designated as a beneficiary of an express contract between the stevedore and the vessel. *Zapico v. Bucyrus-Erie Co.,* 579 F.2d 714, 721–22 (2nd Cir.1978). Inasmuch as § 905(b) prohibits indemnity actions by vessels only, this Court would be reluctant to extend that prohibition to nonvessels.

*Pippen, supra,* at 386–87. Accord, *Aparicio v. Swan Lake,* 643 F.2d 1109 (5th Cir.1981); *Holden v. Placid Oil Company,* 473 F.Supp. 1097, 1099 (E.D.La.1979).

■ The *Pippen* court nevertheless affirmed an order granting summary judgment because Shell Oil, the nonvessel, third-party plaintiff suing Pippen's employer for contractual indemnity "... failed to offer any evidence that an express or implied indemnity existed between Shell Oil and Superior Electric." *Pippen, supra,* at 388. In this case, however, Dockside did offer evidence of an express oral contract with Port Houston. That contract allegedly included a provision, implied by industry practice, for Port Houston to furnish a flagman. Hence, liability would attach to Dockside for any damages caused by a breach of that provision. This is evidence of an implied contract of indemnity. We have here the necessary controverting summary judgment evidence which was lacking in *Pippen.* We hold that there was a genuine issue of material fact regarding whether the alleged express oral contract between Dockside and Port Houston contained an implied provision requiring Port Houston to provide a flagman, and, in addition, that Dockside's claim is not barred by § 905 of the Longshoremen and Harbor Workers' Compensation Act.

Points of error one and two are sustained.

The judgment is reversed and cause remanded for trial.