343 So.2d 1158 (1977)
TIGER WELL SERVICE, INC., Plaintiff-Appellee,
v.
TRAVELERS INSURANCE CO. et al., Defendants-Appellants.
No. 5821.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1977.
*1159 Camp, Carmouche, Palmer, Carwile & Barsh, James E. Williams, Lake Charles, for defendants-appellants.
Scofield, Bergstedt & Gerard, Benjamin W. Mount, Lake Charles, for plaintiff-appellee.
Stockwell, Sievert, Viccellio & Clements by Fred H. Sievert, Jr., Lake Charles, for defendant-appellee.
Before CULPEPPER, GUIDRY and FORET, JJ.
GUIDRY, Judge.
This is a companion suit with two other suits, one a jury case and the other a nonjury case, in both of which suits we this day render separate decrees, i. e., Trahan v. Highlands Insurance Company et al., 343 So.2d 1163 (La.App. 3rd Cir. 1977) and Tiger Well Service Inc. v. Kimball Production Company, 343 So.2d 1153 (La.App. 3rd Cir. 1977).
The three suits arise out of an industrial accident which occurred when a workover rig owned by Tiger Well Service Inc. (hereafter referred to as "Tiger") collapsed and fell. The instant suit is one for property damage and other losses allegedly sustained by Tiger as a result of the rig collapse. Permian Engineering and Manufacturing Company, Inc. (hereafter referred to as *1160 "Pemco"), manufacturer of the derrick, and its insurer, Travelers Insurance Company and Fred E. Cooper Inc., seller of the rig, were made defendants. Pemco and its insurer filed answer denying any responsibility for the accident and pleaded contributory negligence on the part of Tiger. In a supplemental answer Travelers Insurance Company denied coverage to Pemco under an exclusionary clause contained in its policy. By third party demand Pemco and Travelers sought indemnity and/or contribution from Arthur Tidwell and Calvin Carl McClelland, executive officers of Tiger. Fred E. Cooper Inc. filed answer denying liability and likewise pled contributory negligence on the part of Tiger. By third party demand Fred E. Cooper Inc. sought indemnity over against Pemco and Travelers. Although consolidated with the jury case of Trahan et al. v. Highlands Insurance Company, supra, the parties stipulated that the issues presented in this matter would be decided by the trial judge. At the conclusion of the trial this matter was taken under advisement and subsequently, for written reasons assigned, the trial court rendered judgment in favor of Tiger and against Pemco for the principal sum of $32,611.60; dismissing plaintiff's claim against Fred E. Cooper Inc. and Travelers Insurance Company; dismissing the third party demand of Fred E. Cooper Inc. against Pemco and Travelers; and, dismissing the third party demand of Pemco and Travelers against Tidwell and McClelland. Pemco appealed. None of the other parties have appealed or answered the appeal of Pemco.
We made reference to Tiger Well Service Inc. v. Kimball Production Company, supra, decided this day, wherein we quoted from the trial judge's reasons for an accurate account of the facts giving rise to the claims in the three cases and in order to set forth the trial court's conclusions and resolution of the issues presented.
In this appeal Pemco asserts that the trial judge erred in two particulars:
(1) in failing to find that the negligence of the agents, officers and/or employees of Tiger was a proximate cause of the accident which finding is allegedly inconsistent with the jury's decision in the companion case of Trahan et al. v. Highlands Insurance Company, supra; and,
(2) in awarding damages which are alleged to be speculative and not supported by sufficient proof.
We first consider appellant's contention that the trial court erred in its conclusion that the negligence of Tiger's officers and employees was not a proximate cause of the accident.
The trial judge concluded that, although Tiger's officers and employees were negligent in failing to properly guy and anchor the drilling rig and provide a "geronimo" line, the sole proximate cause of the rig collapse and resulting damages sustained by Tiger was the manufacturing defect in the racking board.[1] The trial judge determined that ". . . once the racking board broke, and the pipe shifted its weight, there is no guyline arrangement, including the one recommended that would keep the derrick upright. These extreme forces would have brought the derrick down, guylines or no guylines".
In an action ex delicto the first inquiry is always whether any causal relationship exists between the harm and the alleged negligent conduct. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972). In this case the trial court concluded that Tiger's negligent conduct, i. e., failure to properly guy and anchor the *1161 drilling rig and provide a "geronimo" line, had no causal relationship whatever with the collapse of the rig and resultant harm. We have carefully examined the record in this case and find a reasonable factual basis for this conclusion. This being so, in the absence of manifest error, the trial court's conclusion should not be disturbed. In Canter v. Koehring Company, 283 So.2d 716 (La.1973) our Supreme Court succinctly set forth the scope of appellate review as follows:
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts."
Appellant asserts that the trial judge's conclusion (that no causal connexity exists between the negligent conduct of Tiger and the collapse of the rig) is manifestly erroneous because it is totally inconsistent with the finding of fact in this regard made by the jury in the companion case of Trahan v. Highlands Insurance Company et al., supra. Appellant suggests that the jury's finding of fact in the companion case is controlling and that the trial judge's conclusion in this regard should be consistent in the absence of manifest error.
We do not agree that there is total inconsistency between the findings of the jury in Trahan, supra, and the trial judge in this case. It is true that in Trahan the jury found Arthur Tidwell guilty of negligence which it determined to be causally connected with the death of plaintiff's decedent. The jury of course did not assign reasons for its finding. However, the trial court found a rational basis for the jury's conclusion which was consistent with its own finding of no causal connexity in the instant case. In this regard the trial court stated:
"The jury found Arthur Tidwell negligent, which negligence was a proximate cause of the accident. There is ample evidence upon which the jury could have concluded this. The expert testimony of Mr. Weaver, was that the existence of a proper anchor system would have delayed the toppling of the derrick for a matter of seconds. It was further shown that in a matter of seconds the derrick man could have removed his belt and possibly used a `geranamo' (sic) line for escape, if it had been available to him. No `geranamo' (sic) line was placed upon his derrick. The jury could have concluded that this lack of a `geranamo' (sic) line and the lack of proper anchoring was negligence, which was a proximate cause of the death of Norman Trahan. But, as to the fall of the derrick, the evidence clearly reflects that once the racking board broke, and the pipe shifted its weight, there is no guyline arrangement, including the one recommended that would keep the derrick upright. These extreme forces would have brought the derrick down, guylines or no guylines. The reason I am bringing this out is because, even though Arthur Tidwell may have been negligent in not having the derrick properly `guyed', the lack of proper guylines was not a proximate cause of the derrick falling. It could have been a proximate cause of the death of the man when coupled with the lack of a `geranamo' (sic) line. Having come to this conclusion, then I conclude that any negligence of Arthur Tidwell was not a proximate cause of the accident. Tiger Well Service, Inc. would not be liable for the *1162 property damages incurred as a result of the fall."
Nor do we agree that had there been total inconsistency in the respective findings of the trial judge and jury that the latter's findings would take precedence over that of the trial judge. Quite to the contrary, the trial judge has the power to set aside a jury decision with which he is not in accord, C.C.P. Articles 1812, 1813; and, appellate courts have the right to review findings of fact of both judge and jury. La. Const. of 1974, Article 5 Section 10. See Champagne v. American Southern Insurance Company, 295 So.2d 437 (La.1974).
For the above reasons we discern no error in the trial court's conclusion that no causal connexity exists between the negligence of Tiger and the harm suffered by it.
We finally consider Pemco's contention that the trial court awarded damages which are speculative and not supported by sufficient proof.
As aforesaid the trial judge awarded plaintiff damages in the principal sum of $32,611.60. This amount is broken down in his reasons for judgment as follows:
"The evidence preponderates that the losses of Tiger well service, Inc. are as follows:

(1) Deductible on physical
 damage insurance $ 5,000.00
(2) Increase of insurance premiums
 [minimum increase as
 testified to by Douglas
 Foreman, agent for insurance
 carrier for Tiger Well Service,
 Inc. $ 12,000.00
(3) Loss of income $ 12,906.00
(4) Miscellaneous expenses $ 2,705.60
 ___________
 $ 32,611.60"

The only item of damage allowed by the trial court which appellant questions is the amount of $12,000.00 awarded to compensate Tiger for an increase in insurance premiums. As to this item appellant contends that it is speculative and not supported by sufficient proof. We agree with appellant that the amount awarded to plaintiff for this item of damage is excessive and should be reduced.
The only evidence presented relative to this claim was the testimony of Doug Foreman, the insurance broker for Tiger. Mr. Foreman testified that, although highly speculative, in his judgment, as a result of the accident, Tiger's insurance cost would increase approximately $20,000.00 two-thirds of which would be attributable to the accident, the other one-third being attributable to normal rate increases. The trial court allowed Tiger this approximate two-thirds or the sum of $12,000.00.
A fair reading of Mr. Foreman's testimony indicates that the bulk of the anticipated increases will occur with regard to Tiger's overall insurance program, including workmen's compensation insurance, general liability, etc. all of which are increased not necessarily by reason of the property damage claim involved in this litigation but rather as a result of the death claim involved in the companion case of Trahan v. Highlands Insurance Company et al., supra. In the latter case Arthur Tidwell, President of Tiger, because of independent acts of negligence, was held solidarily liable with Pemco. It is axiomatic that Tiger cannot recover damages which are occasioned as a result of its own fault. Rather, Pemco is only responsible for the damages suffered by Tiger as a result of the fault of Pemco. In this latter connection Mr. Foreman testified with positivity that the physical damage policy covering the rig itself was renewed following the accident at an increased cost of $3000.00. This is the only item of increased cost of insurance which is attributable to the fault of Pemco. All of the other items of increased insurance costs are attributable, at least in part, to the fault of Tiger and should have been disallowed. Accordingly, we will amend the trial court judgment decreasing the damages allowed for increased insurance premiums from the sum of $12,000.00 to $3,000.00, and as amended the award will be affirmed.
For the above and foregoing reasons the judgment of the trial court is amended so as to reduce the amount awarded from the principal sum of $32,611.60 to the principal sum of $23,611.60, and except as amended same is affirmed. The costs of this appeal *1163 are to be borne equally by appellant and appellee.
AMENDED AND AFFIRMED.
NOTES
[1] We observe that neither counsel discusses and the trial court, in holding Pemco liable, did not find "strict liability" on the part of Pemco as the manufacturer of a defective article foreseeably causing injury to others. Weber v. Fidelity and Casualty Insurance Company, 259 La. 599, 250 So.2d 754 (1971). Also there is no discussion of the interesting question of whether in such cases contributory negligence on the part of the party injured will bar recovery. See Langlois v. Allied Chemical Corporation, 258 La. 1067, 249 So.2d 133 (1971). Since we affirm the trial court's finding that Tiger was not guilty of any negligence which proximately caused the rig collapse any discussion by us of the doctrines espoused in the cited cases would be dictum.