LEDEX, INC., APPELLANT, *v.* HEATBATH CORPORATION ET AL., APPELLEES.

[Cite as Ledex, Inc. *v.* Heatbath Corp. (1984), 10 Ohio St. 3d 126.]

(No. 83-1146—Decided April 18, 1984.)

*Messrs. Pickrel, Schaeffer & Ebeling, Mr. Andrew C. Storar* and *Mr. Robert G. Leland,* for appellant.

*Messrs. Young, Pryor, Lynn & Jerardi* and *Mr. Michael J. Burdge,* for appellee Heatbath Corp.

*Lindhorst & Dreidame Co., L.P.A., Mr. Mark E. Elsener* and *Mr. Richard J. Schimpf,* for appellee Container Corp. of America.

SWEENEY, J. The question presented is whether R.C. 4123.82 bars an employer whose employee suffers injuries and recovers workers' compensation therefor from recovering damages for increased workers' compensation premiums from a third party whose conduct caused the employee's injuries. This issue has vexed this court for decades.

R.C. 4123.82 states in pertinent part as follows:

"(A)   All contracts and agreements are void which undertake to indemnify or insure an employer against loss or liability for the payment of compensation to workmen or their dependents for death, injury, or occupational disease occasioned in the course of such workmen's employment, or which provide that the insurer shall pay such compensation, or which indemnify the employer against damages when the injury, disease, or death arises from the failure to comply with any lawful requirement for the protection of the lives, health, and safety of employees, or when the same is occasioned by the willful act of the employer or any of his officers or agents, or by which it is agreed that the insurer shall pay any such damages. * * *."

*Truscon Steel Co.* v. *Trumbull Cliffs Furnace Co.* (1929), 120 Ohio St. 394, considered a self-insuring employer's claim for reimbursement of workers' compensation paid to an injured employee. The employer sought to recover the amount paid in compensation from the independent contractor whose employees' negligence caused the injuries that gave rise to the compensation payments to the self-insuring employer's employee. This court determined that the employer had no cause of action against the independent contractor and held in paragraph one of the syllabus that "[a]n employer, whether self-insurer or otherwise, cannot recover from any source any sum to reimburse an amount paid under the Workmen's Compensation Law to injured employees, whether the injury results from the negligence of some third party or otherwise." One judge concurred separately in *Truscon* to express the position that G.C. 1465-101, the predecessor of R.C. 4123.82, was inapplicable.

*Midvale Coal Co.* v. *Cardox Corp.* (1949), 152 Ohio St. 437 [40 O.O. 428], involved the claim of an employer whose employee suffered injuries compensable under the workers' compensation statutes when an explosive cartridge supplied by a third party proved defective. The employer sought to recover the increased compensation premiums incurred as a result of the employee's injuries from the third-party supplier. The lower courts ruled in favor of the third party, but this court reversed, holding in paragraph three of the syllabus as follows:

"Where a third party negligently injures an employer's employee and such injury is a direct result of a breach of contract which the third party had with employee's employer, and as a direct result of such breach the employer suffers damages, such damages are recoverable by the employer against the third party in an action for breach of contract."

In *Midvale* the court stated at page 444 that "* * * it would seem that Section 1465-101 means that there shall be no agreements of insurance or indemnity in this state to insure or indemnify any employer for any sums he may have to pay an injured employee or his dependents under the Workmen's Compensation Act." This was essentially the view adumbrated in the *Truscon* concurrence.

*Midvale* distinguished *Truscon* on the basis that *Truscon* dealt with a claim arising from the negligence of a third party whereas in *Midvale* the claim arose from a breach of contract. The court at 445 determined that the first paragraph of the *Truscon* syllabus was "very broad in its language in the use of the words 'or otherwise,' " but concluded that the *Truscon* syllabus "must be confined and applied to the facts of that case." *Id.*

*Fischer Constr. Co.* v. *Stroud* (1963), 175 Ohio St. 31 [23 O.O.2d 309], provided the authority for the lower courts' decisions against appellant in the case at bar. In *Fischer,* an employee was struck by a truck and killed while working as a highway flagman. The Industrial Commission granted a claim for the employee's death and consequently the employer's workers' compensation premiums increased. The employer sought to recover the amount of the increased premiums from the third party. The lower courts denied recovery, and this court affirmed, basically restating paragraph one of the syllabus in *Truscon* as the *Fischer* syllabus.

The court in *Fischer* also determined that *Truscon* and *Midvale* could not be reconciled and overruled *Midvale.* The court did not, however, explain the basis for its preference for *Truscon* over *Midvale,* other than to state at page 33 that "the *Truscon case* holding does not permit recovery for negligence of a third party, whereas the *Midvale case* holding permits recovery against a third party for breach of a contract which flows from negligence. We now think that such differing results are without basis in reason, and that the better rule under the law and statutes is the one laid down in the *Truscon case.*"

The commentators have not been kind to *Fischer.* Professor Larson has written that in *Fischer* "* * * [t]he court supplies no discussion, no arguments, no authorities, no analogies, no reference to the fact that the result is inconsistent with that in every jurisdiction but one. The only supporting factor added is that the damages were speculative. * * *

"* * * As matters now stand in Ohio, the employee gets a double recovery [workers' compensation and damages from the third-party tortfeasor] and the employer gets no reimbursement even when he has been the victim of a breach of warranty by the third person." 2A Larson, The Law of Workmen's Compensation (1983) 14-778 to 14-779, Section 77.13.

Another commentator has described *Fischer* in similar terms: "The court explained its decision in only one paragraph. There was no analysis as such. In the words of Judge Matthias, the plaintiff's losses were merely a speculative and remote consequence of defendant's negligence. With that and a reference to Judge Taft's concurring opinion in *Midvale [Coal Co. v. Cardox Corp.* (1952), 157 Ohio St. 526, 532 (40 O.O. 428)], the matter was put to rest." Butler, The Worker, A Defective Product, An Injury: Who Pays and Why, A Solution for Ohio (1981), 50 U. Cin. L. Rev. 31, 39. This commentator also criticized *Truscon,* the source of the *Fischer* rule, stating at page 36 that "[t]he court's reasoning, however, totally ignored statutory language that invalidated only contracts and agreements that insure or indemnify the employer. In *Truscon* there were no contracts or agreements of this nature. The purpose of the statute was to prevent the state fund system from being undercut by any form of reinsurance the employer might obtain. At the very least, the statute's language contemplates a contract or agreement made prior to any injury or to the accrual of damages. * * *"

*Midvale,* too, has been criticized. Professor Larson characterized the decision as "slightly weird," stating that after *Midvale* (and before *Fischer*) "* * * if everyone pressed his rights to the utmost in Ohio, the result, * * * was this: the employer paid compensation and recovered from the party his added premiums, thus coming out approximately even; the employee recovered once from his employer in compensation and again from the third party in tort; and the third party paid twice, once to the employer for breach of contract and once to the employee for tort." Larson, *supra,* at 14-777. Nevertheless, Professor Larson recognized that the *Midvale* outcome was largely attributable to the absence of an Ohio statute which would subrogate the employer to the employee's claim against the third party to the extent of workers' compensation received by the employee. Without a subrogation statute this court in *Midvale* was "* * * able to proceed squarely on the ground that this was a simple breach of contract, from which there naturally flowed as damages the increased premiums produced by the normal operation of the experience rating systems * * *. The fact that the third party might be subject to a double liability, once to the employer and again to the employee, did not disturb the court, since the third party was guilty of a breach of two duties." *Id.*

In the instant case, as in *Midvale,* we are confronted with a third party who allegedly was "guilty of a breach of two duties." Appellant urges this court to overrule *Fischer* and reinstate *Midvale,* and advances the arguments that the court found persuasive in *Midvale.* Appellant, echoing the commentators, first contends that *Fischer* construed R.C. 4123.82 too broadly. The statute's basic provision is that "[a]ll contracts and agreements are void which undertake to indemnify or insure an employer against loss or liability for the payment of compensation to workmen * * *." In *Midvale,* at page 445, the court stated that "the enactment of Section 1465-101 was to prevent competition with the state insurance fund by those who are in the business of

furnishing private insurance to indemnify or insure employers against loss or liability for the payment of workmen's compensation, and that that section will not prevent a recovery for a breach of a contract which was not in any manner an indemnifying or insuring agreement." Appellant notes that the contractual damages it seeks flow from the breach of a contract of sale between it and Heatbath, which contract was not "an indemnifying or insuring agreement."

Appellant makes similar arguments with respect to its tort claims, namely that the *Fischer* rule is far too broad and that R.C. 4123.82 is not designed to insulate third parties from the consequences of their tortious conduct at the expense of employers. Appellant argues that R.C. 4123.82 does not apply because the statute by its terms is limited to "contracts" or "agreements," which are not at issue when the claim sounds in tort. Moreover, as one commentator has observed, "[i]t makes little sense to continue the present rule denying employers protection of the common law tortfeasor doctrine and giving them no right of recovery against negligent * * * [third parties]. This practice is doubly insulting because the * * * [third party] has benefited from employer dollars that placed the product in the hands of the worker." Butler, *supra,* at 51, fn. 111.

We find appellant's contentions to be well-taken. The *Midvale* interpretation of R.C. 4123.82 is consistent with the limited language of the statute while the *Fischer* holding goes far beyond the terms of the statute in precluding an employer from recovering "from any source." If the *Midvale* approach creates asymmetrical relationships among the parties as the appellees and commentators contend, this asymmetry results directly from the statutes as written. Moreover, under the *Midvale* rule, unlike *Fischer,* any additional burden falls on the third party whose conduct caused the injuries and not on the non-culpable employer.

The appellees make the superficially appealing argument that recognition of appellant's cause of action would mix no-fault workers' compensation law and fault-based theories of tort and contract. Thus, Container makes the argument that if this case goes to trial, then it and Heatbath "will be permitted to interpose the common law defenses of the employer's contributory negligence and its assumption of the risk, under our comparative negligence statute. More important, however, is the fact that the defendants will interpose the defense of the *employee's* contributory negligence or assumption of the risk for the purposes of the comparative negligence statute and, moreover, interplead [*sic*] the employee himself in an effort to secure damages from him for his proportionate share of the damages to the employer." We reject this argument because a defendant in the position of the appellees in the instant case would only be liable for their comparative negligence. R.C. 2315.19.

The appellees further assert that the issue presented in this case is largely one of policy. Therefore, according to the appellees, the matter should be resolved by the General Assembly. The appellees then note that the General

Assembly recently considered and rejected S.B. No. 128, 113 General Assembly Reg. Sess. 1979-1980, which would have permitted an employer in the position of appellant to recover from third parties for increased workers' compensation premiums. Nevertheless, this court rarely relies on what the General Assembly did not do, see, *e.g.*, *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111, 115, and will not rely on legislative inaction in the instant case.

Finally, the appellees argue the damages sought are too speculative and remote to permit recovery. Although the *Fischer* court spoke of the speculative nature of the damages at issue, any question regarding the amount of damages seems to be one of proof and not one of whether the statute precludes an employer from recovering increased workers' compensation premiums as damages in a proper case.

We also reject the appellees' contention that the damages sought by the appellant are too remote. In *Dayton Power & Light Co.* v. *Westinghouse Elec. & Mfg. Co.* (C.A. 6, 1923), 287 F. 439, the court considered the question raised in the instant case in the context of a self-insured employer who paid compensation to an injured employee whose injuries were attributable to a third party's breach of warranty. The court stated at page 441 that "* * * [a] payment of compensation absolutely required by law, and because it is so imperatively required, can scarcely be other than a proximate and direct loss. Indeed, it is difficult to conceive how a liability could be more proximate, more direct and more immediate than one so created. * * * [P]laintiff alone, directly and immediately was subject to a fixed legal liability for a loss in fact occasioned solely through the breach of the warranty in question. The sequence of cause and effect is clear." The *Dayton* court's reasoning is equally applicable to a state fund employer.

For the reasons hereinbefore stated, we hold that R.C. 4123.82 does not bar an employer whose employee suffers injuries and recovers workers' compensation therefor from recovering damages for increased workers' compensation premiums from a third party whose conduct caused the employee's injuries. By this holding we expressly overrule *Fischer* and reinstate *Midvale.* Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C.J., W. BROWN, GREY, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

GREY, J., of the Fourth Appellate District, sitting for LOCHER, J.