AUTOMATIC VENDORS, INC., APPELLEE, *v.* LAWRENCE, APPELLANT.

(No. CA-3200—Decided October 9, 1986.)

*Letson, Griffith, Woodall & Lavelle* and *Edward L. Lavelle,* for appellee.

*Morrow, Gordon & Byrd* and *James R. Cooper,* for appellant.

HOFFMAN, J. Plaintiff-appellee herein is a company known as Automatic Vendors, Inc. and defendant-appellant is Beth Lawrence.

Appellee is a self-insured employer under the Ohio statutes pertaining to workers' compensation. On November 26, 1984, appellee's employee, Clarence Barnes, was operating a company-owned vehicle in Newark, Ohio, within the scope of his employment. Appellant Lawrence's vehicle collided with the rear of Barnes' vehicle. As a result of injuries arising therefrom, Barnes filed a workers' compensation claim against his employer (appellee) which was allowed by the Ohio Bureau of Workers' Compensation.

In said claim, appellee-company was required to pay the sum of $4,375.02 and lost wages, medical bills and related charges.

Appellee filed a complaint in the Court of Common Pleas of Licking County against appellant Lawrence seeking to recover the monies referred to above. The parties subsequently entered into a stipulation of facts filed January 30, 1986. Said stipulation merely set forth that the crash had occurred, that the workers' compensation claim had been filed and that it had been allowed.

Although the fact question of whether appellant was negligent or not was not formally stipulated, that key issue had apparently been admitted by appellant in her November 5, 1985 pretrial statement, under issues of law, wherein she referred to the "negligent act of a third party."

Based upon the stipulated facts and trial briefs, the court entered judgment in favor of appellee-company. In its March 11, 1986 entry setting forth its decision and grounds, the court stated:

"The sole issue is whether a self-insured employer can recover from a negligent third party for the monies paid to their [*sic*] employee as allowed by the Ohio Bureau of Workers' Compensation. *The negligent third party being a legal stranger to the employer and employee void of any prior association or legal relationship."* (Emphasis added.)

On April 2, 1986, the court issued a judgment entry wherein it held that:

"The court hereby retains jurisdiction over any further damages suffered by the plaintiff by way of any future payments that it is required to make to its employee Clarence Barnes in the Ohio Workers' Compensation claim No. 866869-22."

Before discussing the arguments to this court, we note that according to the record before this court, the injured party herein, Barnes, has not filed any suit directly against the appellant.

Appellant raises the following single assignment of error:

"The trial court erred in finding that a self-insured employer can recover from a negligent third party for the monies paid to its employee as allowed by the Ohio Bureau of Workers' Compensation."

Both parties herein rely, for different reasons, upon the Ohio Supreme Court decision of *Ledex, Inc.* v. *Heatbath Corp.* (1984), 10 Ohio St. 3d 126, 10 OBR 449, 461 N.E. 2d 1299. In turn the *Ledex* court considered three prior decisions of that court, those being *Truscon Steel Co.* v. *Trumbull Cliffs Furnace Co.* (1929), 120 Ohio St. 394, 166 N.E. 368; *Midvale Coal Co.* v. *Cardox Corp.* (1949), 152 Ohio St. 437, 40 O.O. 428, 89 N.E. 2d 673; and *Fischer Constr. Co.* v. *Stroud* (1963), 175 Ohio St. 31, 23 O.O. 2d 309, 191 N.E. 2d 164.

*Truscon* shows facts similar to the instant case, those being a negligent third party, an injured employee and a self-insured company seeking reim-

bursement for monies paid as in the case *sub judice.* Different from the instant case is that the injured employee in *Truscon,* after being compensated with workers' compensation benefits, recovered directly from the tortfeasor. The *Truscon* court held the employer had no cause of action against the negligent party and could not recover "any sum" from "any source" as reimbursement.

*Midvale* involved an employer whose employee suffered injuries compensable under the Workers' Compensation Act when an explosive cartridge supplied by a third party (Cardox) proved defective. Unlike *Truscon* and the case *sub judice,* the employer sought to recover the increased compensation *premiums* incurred solely because of the accident to the employee. *Midvale, supra,* at 441, 40 O.O. at 430, 89 N.E. 2d at 675.

It is worth noting the ingenious (or " 'slightly weird,' " see *Ledex, supra,* at 129, 10 OBR at 451-452, 461 N.E. 2d at 1302) reasoning employed by the *Midvale* court to depart from its prior absolute holding in *Truscon.* First the *Midvale* court stated:

"Did the damages which plaintiff claims accrued to it because of defendant's breach of its contract with plaintiff arise naturally, according to the usual course of things, from such a breach?" *Id.* at 447, 40 O.O. at 433, 89 N.E. 2d at 678.

The court continued:

"According to the contract attached to plaintiff's petition the operations of defendant were carried on on plaintiff's premises in Ohio and defendant agreed to carry proper compensation insurance upon its employees.

"The petition alleges that defendant was licensed to transact business in Ohio as a foreign corporation. Defendant must have known that the only compensation insurance it could carry was under the Workmen's Compensation Act. Defendant, therefore, is charged with knowledge that the Ohio act is based upon the merit system, *and if by breach of its contract with plaintiff it injured one of plaintiff's employees, such breach would affect the rating and premiums to be paid by plaintiff to the Ohio compensation fund if an award were made to plaintiff's injured employee from the fund.* Therefore, it may be fairly and reasonably considered that damages which arose from a breach of contract by defendant, under circumstances which were known to both plaintiff and defendant, were such as may fairly and reasonably be considered to have arisen, according to the usual course of things, from such breach of contract." (Emphasis added.) *Id.* at 447-448, 40 O.O. at 433, 89 N.E. 2d at 678.

We cite the above to emphasize that the *Midvale* court grounded its decision that reimbursement was appropriate on breach of contract, and not negligent conduct on the part of Cardox. As pointed out by the court in *Fischer,* "* * * [r]ecovery by the employer [in *Midvale*] was permitted for the breach of contract and not for the negligent act itself." *Fischer, supra,* at 33, 23 O.O. 2d at 310, 191 N.E. 2d at 166.

*Fischer* expressly overruled *Midvale* on facts similar to the instant case (a negligent third party who was a stranger to the employer caused wrongful death to the employee). The *Fischer* court retreated to its prior "no recovery" position as announced in *Truscon.*

Finally, *Ledex* involved a Ledex employee who suffered acid burns when he slipped and fell into a chemical fluid that had leaked from its container onto the floor of Ledex' premises. Ledex had purchased the chemical from Heatbath, and Heatbath had purchased the container for the fluid from the Container Corporation of America.

After sustaining his injuries, Ledex' employee was awarded

workers' compensation benefits which resulted in an increase of Ledex' premiums.

Ledex filed a complaint against Heatbath alleging breach of warranty, negligence and strict liability. Included in its damage prayer was a request for $18,025 attributable to an increase in workers' compensation premiums. The parties settled the above claims sounding in contract, tort, and strict liability, but the trial court granted judgment to Heatbath et al. on the issue of the increased workers' compensation premiums. The court of appeals affirmed upon the authority of *Truscon* and *Fischer*.

The Supreme Court reversed the court of appeals and expressly reinstated *Midvale*. The court pointed out that:

" * * * Appellant [Ledex] notes that the contractual damages it seeks flow from the breach of a contract of sale between it and Heatbath, which contract was not 'an indemnifying or insuring agreement.' " *Id.* at 130, 10 OBR at 452, 461 N.E. 2d at 1303.

This court's construction of *Ledex* is the same as that advanced by appellant herein, that is, that any recovery for reimbursement must flow from a breach of contract and not from negligence, such as the instant auto collision. We achieve this result squarely upon the syllabus of *Ledex* which, in overruling *Fischer,* only partially opened the door to recovery by confining recovery to a breach of contract action as grounds therefor.

Herein, the third party (appellant Lawrence) was a stranger to appellee Automatic Vendors, Inc. Obviously, Lawrence owed no contractual duty to appellee nor was one alleged at trial.

Upon the authority of *Truscon,* which was never overruled by either *Midvale* or *Ledex,* and upon the authority of *Ledex* which reinstated *Midvale* but did not extend it, appellant's assignment of error is sustained and the judgment of the Court of Common Pleas of Licking County, Ohio is reversed.

*Judgment reversed.*

PUTMAN, P.J., and MILLIGAN, J., concur.