MCCORMICK, A MINOR, ET AL., APPELLEES, *v.* KISOR, APPELLEE; HOLLAND MOTOR EXPRESS, INC., APPELLANT.

*Ronald E. Plymale Co., L.P.A.,* and *Amy T. Wood,* for appellees Stephanie and Stephen McCormick.

*Roetzel & Andress* and *Maryellen C. Spirito,* for appellee Leonard L. Kisor.

*Vorys, Sater, Seymour & Pease, Bruce L. Ingram* and *Linda A. Blair,* for appellant.

(No. 87AP-232 — Decided September 15, 1987.)

REILLY, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas dismissing the cross-claim of defendant, Holland Motor Express, Inc. (hereinafter "Holland Motor"), against defendant, Leonard L. Kisor.

The case is the result of an automobile accident which occurred on October 20, 1984. Plaintiff, Stephanie McCormick, a minor, through her father and next friend, Stephen McCormick, filed an action against defendants Kisor and Holland Motor alleging that she sustained injuries proximately caused by the negligence of the defendants. Plaintiff settled her case with defendant Kisor and dismissed Holland Motor with prejudice.

In its cross-claim, Holland Motor alleged that because of defendant Kisor's negligence, it has been compelled to pay workers' compensation

disability benefits and medical expenses for its employee, Everett Facett. Holland Motor has not alleged that any legal relationship existed between it and defendant Kisor, and asserts no claims against him for breach of contract or warranty.

Holland Motor has appealed the judgment of the trial court sustaining defendant Kisor's motion to dismiss, and has advanced the following assignment of error:

"The trial erred in granting defendant Kisor's motion to dismiss the cross-claim of Holland Motor Express, Inc., against defendant Leonard L. Kisor."

Holland Motor asserts that it has a cause of action under the recent decision of *Ledex, Inc.* v. *Heatbath Corp.* (1984), 10 Ohio St. 3d 126, 10 OBR 449, 461 N.E. 2d 1299. Defendant Kisor contends that Holland Motor has failed to state a cause of action, and cites the case of *Truscon Steel Co.* v. *Trumbull Cliffs Furnace Co.* (1929), 120 Ohio St. 394, 166 N.E. 368, as dispositive of the facts herein.

In *Truscon,* a self-insured employer sought reimbursement for workers' compensation benefits paid to its injured employee from a property owner whose employees negligently caused injuries to the employer's employee. The employer was an independent contractor doing construction work for the property owner. The employer's claim against the owner was based solely upon the negligence of the owner's employees. The Supreme Court affirmed the decisions of the trial and appellate courts holding that the employer had no cause of action against the property owner, and stated in the first paragraph of the syllabus in *Truscon:*

"An employer, whether self-insurer or otherwise, cannot recover from any source any sum to reimburse an amount paid under the Workmen's Compensation Law to injured employees, whether the injury results from the negligence of some third party, or otherwise."

In *Ledex,* the court considered an employer's right to recover damages against a third-party tortfeasor for the increased workers' compensation premiums paid due to the negligence of the third party's employees for injuries caused to the employer's employee. The employer, Ledex, had entered into a contract to purchase chemicals from third-party defendant Heatbath.

Ledex's employee suffered injuries when he slipped and fell into a chemical purchased from Heatbath. The employee was awarded workers' compensation, which increased workers' compensation premiums for Ledex. The court held that Ledex could recover from Heatbath damages due to the increased workers' compensation premiums, based upon the breach of contract of sale between Ledex and Heatbath, which was not an indemnifying or insuring agreement under R.C. 4123.82.

Holland Motor contends that *Truscon* was not based on the fact that the employer there was self-insured, considering the court's language in paragraph one of the syllabus that any "employer, whether self-insured or otherwise," was prohibited from recovering workers' compensation payments from any source. Holland Motor further attempts to support its argument on the basis that *Ledex, supra,* overruled *Fischer Constr. Co.* v. *Stroud* (1963), 175 Ohio St. 31, 23 O.O. 2d 309, 191 N.E. 2d 164, which it argues was predicated upon *Truscon.* Moreover, Holland Motor asserts that there is "no logical distinction, based on the Supreme Court's opinion in *Ledex,* between an employer's right to receive compensation for increased premiums and for benefits actually paid." *Dresser Industries, Inc.,* v.

*Chapman* (Mar. 21, 1985), S.D. Ohio No. C-2-84-1295, unreported.

This court agrees that the decision in *Truscon* was not based on the fact that the employer was a self-insurer. This case most closely parallels *Truscon,* because similar to *Truscon,* Holland Motor's cause of action is based solely upon the negligence of a third party who is a stranger to Holland Motor. The cause does not involve a breach of contract or warranty as in *Ledex, supra, Midvale Coal Co.* v. *Cardox Corp.* (1949), 152 Ohio St. 437, 40 O.O. 428, 89 N.E. 2d 673, or *Dayton Power & Light Co.* v. *Westinghouse Elec. & Mfg. Co.* (C.A. 6, 1923), 287 F. 439, wherein the employer was held to have a cause of action against a third party for increased premiums or for benefits actually paid.

The fact that the court in *Ledex* overruled the *Fischer* case does not support Holland Motor's position. The court, in *Fischer,* unable to reconcile its decisions in *Truscon* and *Midvale,* stated at 33, 23 O.O. 2d at 310, 191 N.E. 2d at 166, that:

"It is clear that the *Truscon case* holding does not permit recovery for negligence of a third party, whereas the *Midvale case* holding permits recovery against a third party for breach of a contract which flows from negligence. We now think that such differing results are without basis in reason, and that the better rule under the law and statutes is the one laid down in the *Truscon case.* Therefore, the *Midvale case* is overruled."

The Supreme Court in *Ledex,* however, rejected its prior pronouncement in *Fischer,* and reinstated *Midvale,* holding that, "[i]n the instant case, as in *Midvale,* we are confronted with a third party who allegedly was 'guilty of a breach of two duties,'" one in contract and one in tort. *Ledex, supra,* at 129, 10 OBR at 452, 461 N.E. 2d at 1302.

The court's reinstatement of *Midvale* is pivotal in this case. In *Midvale,* the employer sought to recover the increased workers' compensation premiums which were a direct result of an employee's injuries caused by a third-party supplier's negligence when a defective cartridge supplied by it exploded. In *Midvale,* unlike *Truscon* and this case, the employer had entered into a contractual relationship with a third party who was responsible for the employee's injuries. Further, in contrast with *Truscon* and this case, the employer in *Midvale* sued on the contract to recover the increased workers' compensation premiums.

The third-party supplier in *Midvale* asserted *Truscon* as a defense. The court distinguished *Truscon* on two grounds. The court noted that *Truscon* involved a self-insuring employer, whereas the employer there paid into the Workers' Compensation Fund. The court's holding, however, did not turn on that reason. The decision was based on the following rationale:

"[I]n the *Truscon case,* the injury to the employee was caused by the negligence of a third party. The injury was to the employee and not the employer. The third party had a duty to the employee not to negligently injure him but that duty was not owed to the employer. In the instant case, while the act of defendant was a negligent act with reference to plaintiff's employee, and, therefore, such employee could have an action against defendant for negligence, defendant also breached a duty it owed to plaintiff in that the injury to plaintiff's employee was not only an act of negligence toward plaintiff's employee but was a breach of contract with reference to plaintiff." *Midvale, supra,* at 444-445, 40 O.O. at 432, 89 N.E. 2d at 677.

Later in the *Midvale* opinion, the court further distinguished *Truscon:*

"If, in the instant case, plaintiff's employee had been injured through the negligence of a third party, which party owed no duty to plaintiff, it could well be argued that any damages which plaintiff suffered as a result of the injury to his employee would be too remote for plaintiff to recover. In such a situation the breach of duty by the third party would be toward only the person of plaintiff's employee by one who owed no duty to plaintiff. Such was the situation in the *Truscon case.*

"The situation is entirely different where defendant not only had a duty to plaintiff's employee not to negligently injure him, but had a contractual duty to plaintiff not to cause plaintiff injury.

"The damages which plaintiff is claiming are not alleged to have grown out of simply the tortious act of defendant toward plaintiff's employee, but to have arisen from defendant's breach of contract with plaintiff." *Midvale, supra,* at 449, 40 O.O. at 434, 89 N.E. 2d at 679.

The court in *Ledex,* along with reinstating *Midvale,* also followed *Dayton Power & Light Co., supra.* In that case, the court found that a self-insured employer may recover from a third party for compensation paid directly to the self-insured's employee for injuries which are attributable to a third party's breach of warranty. The court stated that:

"* * * The present case does not involve the action of an independent tort-feasor, as did neither the Travelers' Insurance Co. Case, supra, nor Mowbray v. Merryweather, supra. The action here is based entirely on breach of warranty. * * * True, the theory of Workmen's Compensation Acts is that the industry should bear the losses due to the employes' injuries, and that is the reason for making the employer liable to a stated and certain compensation, regardless of negligence; but the fact remains, as applicable here, that the employer is subject to a direct and complete loss to which he would not have been subjected, but for the breach of defendant's warranty." *Dayton Power & Light Co., supra,* at 442.

In this case, similar to *Truscon, supra,* there was no legal relationship between Holland Motor and defendant Kisor prior to or at the time of the accident. Moreover, Holland Motor has not made any claims against defendant Kisor for breach of contract or warranty. Defendant Kisor, a third party, was a stranger to Holland Motor and owed no contractual duty or a duty based upon warranty to Holland Motor. Cf. *Automatic Vendors, Inc.* v. *Lawrence* (1986), 33 Ohio App. 3d 321, 515 N.E. 2d 989.

Defendant Kisor had a legal duty to Holland Motor's employee, Everett Facett, not to negligently cause injury to him. This duty, however, did not extend to the employer. Defendant Kisor owed no contractual duty or one based on warranty to Holland Motor not to cause injury to its employee. Absent some breach of contract or warranty that is not "an indemnifying or an insuring agreement," the damages alleged by Holland Motor are too remote. As the court stated in the second and third paragraphs of the syllabus in *Midvale:*

"2. Damages which are incidentally suffered by an employer because of the negligent act of a third party tort-feasor toward such employer's employee are ordinarily considered too remote to be recoverable against such third party by the employer.

"3. Where a third party negligently injures an employer's employee and such injury is a direct result of a breach of contract which the third party had with employee's employer, and as a direct result of such breach the employer suffers damages, such damages are recoverable by the employer

against the third party in an action for breach of contract."

Thus, considering the decision in *Truscon*, which was not overruled by *Midvale* or *Ledex*, and upon the authority of *Ledex*, which reinstated *Midvale*, but did not extend it to claims against a third party based solely upon a cause of action in negligence, Holland Motor's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P.J., and BRYANT, J., concur.