## SSD DISTRIBUTION SYSTEM, INC., Plaintiff–Appellant,

v.

## GENERAL MOTORS CORPORATION, Defendant–Appellee.

### No. 87–4081.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 20, 1988.

Decided Aug. 21, 1989.

John J. McCarthy, Joel Levin argued, Nurenberg, Plevin, Heller & McCarthy Co., LPA, Cleveland, Ohio, for plaintiff-appellant.

Louis Paisley, Harry Sigmier argued, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, Ohio, for defendant-appellee.

Before MERRITT, MARTIN and MILBURN, Circuit Judges.

MILBURN, Circuit Judge.

In this diversity action arising under Ohio law, plaintiff-appellant SSD Distribution System, Inc. ("SSD") appeals the judgment of the district court in favor of defendant-appellee General Motors Corporation ("General Motors"), denying plaintiff's motion to alter or amend the court's judgment granting defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(6). Although we certified three issues to the Ohio Supreme Court, only one of the issues was considered and answered as hereinafter set out. In light of the Ohio Supreme Court's response and for the reasons that follow, we reverse the judgment of the district court and remand this cause for further proceedings consistent with this opinion.

### I.

SSD commenced the present action on April 6, 1987, by filing a complaint against General Motors in which SSD sought to recover for increased workers' compensation insurance premiums resulting from an accident to one of SSD's employees, Anthony Angelo. SSD alleged that General Motors manufactured a defective 1981 Chevrolet van and that Angelo was injured on November 30, 1984, while attempting to unload the van. According to SSD, the van's transmission slipped from the park position into reverse, pinning Angelo between a loading dock and the van and causing Angelo severe injury. SSD asserted that as a result of this injury, Angelo sought and was awarded workers' compensation benefits and that SSD's workers' compensation insurance premiums later increased. SSD sought damages in the amount of $200,000 and asserted theories of legal liability in negligence, strict liability, and breach of express and implied warranties.

General Motors filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing that SSD's cause of action was time barred by the two-year statute of limitations for

actions for bodily injury or injury to personal property. *See* Ohio Rev.Code Ann. § 2305.10 (Anderson 1987). General Motors also argued that under *Ledex, Inc. v. Heatbath Corp.*, 10 Ohio St. 3d 126, 461 N.E.2d 1299 (1984), an action for increased workers' compensation insurance premiums may be maintained only where the plaintiff-employer has a contractual relationship with the defendant and that no such relationship existed in the present case.

SSD responded to General Motors' motion arging that while the two-year statute of limitations as provided in Ohio Rev.Code § 2305.10 is applicable, the statute of limitations was extended by virtue of Ohio's "discovery rule." The district court, however, granted General Motors' motion to dismiss concluding that SSD's action was time barred. SSD then filed a motion to alter or amend the district court's judgment pursuant to Fed.R.Civ.P. 59(e) or, in the alternative, for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(1) and (6).[1] SSD argued that despite its initial concession, Ohio Rev.Code § 2305.10 is not the applicable limitations period governing its cause of action. SSD argued instead that either Ohio Rev.Code § 2305.09 or Ohio Rev.Code § 2305.07 is applicable. Ohio Rev.Code § 2305.09 provides for a four-year limitations period, and Ohio Rev.Code § 2305.07, applicable for actions under a contract, provides for a six-year limitations period.

On November 19, 1987, the district court denied SSD's motion, concluding that Ohio Rev.Code § 2305.10 is the applicable statute and that SSD failed to file its action within the two-year limitations period allowed. This timely appeal followed.

## II.

By our order of December 22, 1988, we certified three questions of state law to the Ohio Supreme Court pursuant to Rule XVI of its Rules of Practice. The questions certified were:

1. Does Ohio Rev.Code § 2305.10 govern actions by employers to recover increased workers' compensation premiums from third parties?

2. Does the statute of limitations governing actions by employers against third parties for recovery of increased workers' compensation premiums begin to run at the time of the accident wherein the employee is injured or at a later time after the employee files a workers' compensation claim?

3. Is a contract a prerequisite to an action by an employer against a third party for recovery of increased workers' compensation premiums?

The Ohio Supreme Court accepted certification.

On June 14, 1989, the Ohio Supreme Court in *SSD Distribution System, Inc. v. General Motors Corp.*, 43 Ohio St.3d 173, 539 N.E.2d 1121 (1989), answered only the third issue certified as follows:

> On authority of *Cincinnati Bell Tel. Co. v. Straley* (1988), 40 Ohio St.3d 372, 533 N.E.2d 764, we hold that an employer may not recover damages against a third party whose negligence caused an employee's injury absent a legal relationship based upon contract or warranty between the employer and the third party.
>
> We decline to exercise our discretion under Rule XVI to address questions one and two at this time, absent a showing that there is a need to do so.

After receiving the Ohio Supreme Court's response to the third certified question, we afforded the parties an opportunity to submit supplemental briefs. The supplemental briefs have now been received and reviewed.

As earlier stated, SSD alleged that General Motors manufactured a defective 1981 Chevrolet van and that its right of recovery against General Motors was under three

---

1. At oral argument, defense counsel conceded that General Motors does not contend on appeal that SSD's apparent concession in response to defendant's motion to dismiss bars plaintiff from arguing that a statute of limitations other than Ohio Rev.Code § 2305.10 is applicable to its claims.

separate theories of legal liability; *viz.*, negligence, strict liability, and breach of express and implied warranties. In this regard, we note that the issue of a legal relationship based upon express and implied warranties was not considered by the district court. As this issue is dispositive of SSD's claim against General Motors based upon the response of the Ohio Supreme Court to our third certified question, a remand is necessary.

### III.

Accordingly, we REVERSE the judgment of the district court and REMAND this cause for further proceedings consistent with this opinion.