JEFFERS, Appellant,

v.

PHILLIPS READY MIX et al., Appellees.

[Cite as *Jeffers v. Phillips Ready Mix* (1991), 72 Ohio App.3d 62.]

Court of Appeals of Ohio,
Greene County.

No. 90 CA 0057.

Decided Jan. 8, 1991.

**64**

*James A. Hensley, Jr.,* for appellant.

*Marshall L. Clark,* for appellees.

---

WILSON, Judge.

This case, with the exception of one assignment of error, involves the application of R.C. 2317.45 to a situation where plaintiff-appellant, James Jeffers, a cement finisher working for Sowder Concrete Corporation ("Sowder") was injured on a new home construction job as a result of the combined negligence of himself and a third party, defendants-appellees, Phillips Ready Mix, the concrete delivery company. Jeffers received workers' compensation benefits from his employer in connection with his injuries.

The jury found Jeffers's damages to be $39,500 and apportioned the negligence sixty percent to Phillips and forty percent to Jeffers. The trial court reduced the damages by forty percent, resulting in a figure of $23,700, from which it then deducted collateral benefits of $22,403.14, pursuant to R.C. 2317.45.

Jeffers's first five assignments of error take issue with the trial court's application of R.C. 2317.45. Jeffers's first assignment of error reads:

"The lower court erred in applying the setoff provisions of Revised Code 2317.45 to the plaintiff's award."

█ Jeffers argues that the trial court should not have applied R.C. 2317.45 because there was a right of recoupment "against the jury award." Jeffers contends that he is insulated from a collateral benefits adjustment because Sowder has a right of recoupment against his jury award. A right of recoupment contemplates a right of recovery by someone against Jeffers. R.C. 2317.45(B)(2)(c)(i) does say that where a right of recoupment exists, this statute does not apply.

Jeffers cites *Ledex, Inc. v. Heatbath Corp.* (1984), 10 Ohio St.3d 126, 10 OBR 449, 461 N.E.2d 1299, as support for his position that his employer, Sowder, has a right of recoupment against him. *Ledex* held that an employer whose employee suffered injuries and recovers workers' compensation may recover damages for increased workers' compensation premiums from a third party whose conduct caused the employee's injuries. This is not the case here. In this case, Sowder has no right of recoupment against Jeffers. Furthermore, Jeffers points to no authority for his argument that Sowder has a right of recoupment against his jury award. Indeed, if Sowder goes against anyone, it would go against Phillips. Thus, *Ledex* has no application. In any

event, *Ledex* cannot be controlling since it was decided four years before R.C. 2317.45 was enacted.

In the absence of a right of recoupment, R.C. 2317.45(B)(2)(c)(i) and (ii) require that prior to entering judgment for the plaintiff, the trial court must: (1) subtract from the compensatory damage award any disclosed collateral benefits satisfying the requirements under R.C. 2317.45(B)(2)(a); and (2) add to the balance so derived, the total of any costs, premiums, and charges as stated in division (B)(2)(b), not to exceed the amount of the subtracted collateral benefits.

Jeffers's first assignment of error is overruled.

For his second assignment of error, Jeffers asserts that:

"The lower court erred in comparatively reducing the award by plaintiff's comparative negligence before the collateral source benefits were deducted."

■ Jeffers argues that the collateral benefits should be subtracted from the damages assessed by the jury before factoring in his comparative negligence. The critical question in this assignment is what is the minuend from which the collateral benefits are deducted. The answer is found in R.C. 2317.45(B)(2)(c)(i), the operative portion of which reads, " * * * compensatory damages that the plaintiff *otherwise* would be awarded * * *." (Emphasis added.)

R.C. 2315.19(B)(4) requires the jury to assess total damages and determine the percentage of negligence of the parties. R.C. 2315.19(A) requires that the court, without assistance from the jury, reduce damages by the percentage of plaintiff's negligence.

Jeffers's compensatory damages were $23,700, sixty percent of the total damages awarded by the jury. That is what "he would otherwise be awarded" and it is that award that is subject to reduction of collateral benefits.

After the compensatory damages were established, *i.e.,* $23,700, the plain language of R.C. 2317.45 required the trial court to subtract the collateral benefits of $22,403.14 from that amount. Therefore, Jeffers's second assignment is without merit.

Jeffers's third assignment of error is as follows:

"The lower court erred in making a future pain and suffering award subject to the setoff provisions of Revised Code 2317.45 when future medical expenses are non-existent."

■ Jeffers argues that the future pain and suffering award of $14,000 bears no relation to collateral benefits and, therefore, should be placed outside the operation of the setoff provisions of the collateral source rule.

The jury found Jeffers to have $39,500 in damages and of those damages the jury found that $14,000 represented future damages. The damage amount was properly reduced by forty percent. At this juncture, the plain language of R.C. 2317.45 required that Jeffers's compensatory damages be reduced by the collateral benefits received. The plain meaning of the present language of R.C. 2317.45 dictates the conclusion that future damages are part of the compensatory damages award. The way the statute is written, compensatory damages include all damages except punitive damages.

While future pain and suffering is not something for which collateral benefits are received, it is not the province of the court to revise plain legislative enactments.

Jeffers's third assignment of error is overruled.

Jeffers's fourth assignment of error states:

"The lower court erred in subtracting $11,702.20 from the jury award, in applying the setoff provisions of Revised Code 2317.45."

██ Jeffers argues that only $10,292.36 in medical bills was submitted to the jury and, therefore, the court could not consider any additional amounts in its determination of the portion of collateral source adjustment representing medical expenses.

The jury, in this case, received evidence of some of Jeffers's medical bills as a benchmark to establish damages. However, in making the actual collateral benefits deduction for medical expenses, the court is bound by the actual amount of collateral benefits the evidence in the post-verdict collateral benefits adjustment proceeding presented were paid on account of medical bills. Thus, it does not matter whether the jury was aware of the medical expenses in order for them to be deductible. Under R.C. 2317.45, the collateral benefits adjustment is a post-verdict adjustment. It is a proceeding wherein additional evidence can be taken, but wherein a jury is not involved.

Jeffers's fourth assignment of error is overruled.

Jeffers's fifth assignment of error states:

"The lower court's judgment entry was in error in that it ignored the premium costs paid by the employer, pursuant to Revised Code 2317.-45(B)(2)(b), in determining the amount to be awarded plaintiff."

██ The plain language of R.C. 2317.45(B)(2)(b) requires a plaintiff, entitled to a compensatory damage award in a tort action, to disclose all costs, premiums, or charges for the collateral benefits paid or contributed by the *employer* within the three-year period immediately preceding the accrual of the cause of action. R.C. 2317.47(B)(2)(b). This disclosure would be to the

court and occur after the plaintiff's entitlement to the compensatory damages is determined. The amount of those costs, premiums, and charges is added to the balance derived under (B)(2)(c)(i), subject to the limitation that the credit could not exceed the amount of the subtracted collateral benefits.

Although Jeffers produced evidence of the premiums paid by Sowder on his behalf, the trial court did not add this amount to Jeffers's award. We, therefore, remand this matter to the trial court to determine the amount of premiums paid on behalf of Jeffers by Sowder and order the award be increased by the premiums paid on account of Jeffers.

Jeffers's fifth assignment of error is sustained.

Jeffers asserts as his sixth and final assignment of error that:

"The lower court committed an abuse of discretion in overruling plaintiff's motion to tax cost pursuant to Civil Rule 54(D) and Rule 12(D)(1) of the Rules of Superintendence of the Common Pleas Court."

Jeffers asserts that the video deposition expenses of Dr. Ronald Hodges should have been taxed as costs to Phillips, the loser in the instant action. Phillips contends there was no abuse of discretion by the trial court in rejecting the entire bill because the cost of the videotape as a material was not set forth separately.

C.P.Sup.R. 12(D)(1)(a) and (b) state that "[t]he expense of videotape as a material shall be borne by the proponent [and t]he reasonable expense of recording testimony on videotape shall be costs in the action." Civ.R. 54(D) provides that " * * * costs shall be allowed to the prevailing party unless the court otherwise directs."

The cost of the videotape material itself is minimal and the fact that blank tapes cost but a few dollars is a matter of common knowledge. In our judgment, the trial court acted unreasonably in rejecting the entire bill out of hand when it could have easily satisfied itself concerning the value of the blank tape, and deducted that amount accordingly. Since all other expenses were properly chargeable as costs, the failure to break out the cost of the tape material did not justify overruling Jeffers's motion *in toto*. Accordingly, we remand for a determination of costs. The trial court should deduct the actual amount for the value of the tape material and grant judgment for the balance of costs. Jeffers's sixth assignment of error is sustained.

Jeffers's fifth and sixth assignments of error having been sustained, this cause will be remanded for a determination consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

WOLFF and GRADY, JJ., concur.