IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 98-31205

---

AMERICAN RIVER TRANS. CO., ET AL.,
        Plaintiffs,

v.

KAVO KALIAKRA SS, ET AL.,
        Defendants,
KAVO KALIAKRA SS, her engines, tackle, appurtenances, etc., in rem;
UNITED KINGDOM MUTUAL STEAMSHIP ASSURANCE ASSOCIATION (BERMUDA) LTD., in personam,
        Defendants - Appellees,

v.

COMPASS CONDO CORP.,
        Appellants.

------------------------------------------------------------------
In Re: In the Matter of the Complaint of AROSITA SHIPPING CO., LTD., as owner of the M/V Kavo Kaliakra for exoneration from or limitation of liability
------------------------------------------------------------------

AROSITA SHIPPING CO. LTD., as owner of the M/V Kavo Kaliakra;
GROMAR SHIPPING CO., LTD., as owners of the M/V Kavo Kaliakra;
GOURDOMICHALIS MARITIME SA, as owners of the M/V Kavo Kaliakra,
        Petitioners - Appellees,

v.

COMPASS CONDO CORP., ET AL.,
        Claimants,
COMPASS CONDO CORP.,
        Claimant - Appellant.
------------------------------------------------------------------
HORACE NICHOLAS,
        Plaintiff,

v.

KAVO KALIAKRA SS, ET AL.,
        Defendants,

KAVO KALIAKRA SS, her engines, tackle, appurtenances, etc., in rem;
AROSITA SHIPPING CO., LTD.,
     Defendants - Appellees,

v.

COMPASS CONDO CORP.,
Appellants.

--------------------

Appeal from the United States District Court
for the Eastern District of Louisiana

--------------------

March 8, 2000

Before POLITZ, JOHN R. GIBSON,[*] and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

In this admiralty action, we apply again the principles of Robins Dry Dock & Repair Co. v. Flint.[1]  Compass Corporation appeals the dismissal of its claims for economic damages arising from the allision of the M/V KAVO KALIAKRA with barges owned by the American River Transportation Company.  We AFFIRM the district court's dismissal of Compass's claims for economic damages.

I

On March 30, 1992, employees of the appellant, Compass Condo Corporation, were engaged as barge washers on a floating barge dock at the Tulane Fleeting Facility.  The floating dock was owned by the American River Transportation Company (ARTCO), and Compass's employees were cleaning ARTCO barges.  At some point, the M/V KAVO

--------------------

[*]Circuit Judge of the Eighth Circuit, sitting by designation.

[1] 275 U.S. 303 (1927).

2

KALIAKRA allided with the ARTCO barges, harming Compass's employees and its equipment. The employees received workers compensation awards under the Longshoreman and Harbor Workers Compensation Act for their personal injuries. Allegedly, as a result of the numerous workers compensation claims, Compass's workers compensation premiums increased.

ARTCO filed suit against the owners and operators of the vessel and their insurer. The district court held the defendants liable for the allision, but dismissed Compass's economic damage claims for increased workers compensation premiums. This appeal ensued.

## II

In <u>Robins Dry Dock</u> the Supreme Court held that a steamship charterer could not recover economic damages when the steamship he chartered was rendered useless to him for a period of days after the defendant negligently broke the propeller.[2] The charterer had no property interest in the ship when it was harmed, but instead merely had a contract with the ship's owners.[3] The Court noted the general rule that "a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other unknown to the doer of the wrong."[4] In similar cases, this circuit consistently

---

[2] <u>Id.</u> at 307-08.

[3] <u>Id.</u> at 308-09.

[4] <u>Id.</u> at 309.

applies the Robins Dry Dock rule to bar recovery for economic damages in negligence that are unconnected to an injury to a property interest.[5]

In this case, Compass's employees were injured by the negligence of the M/V KALIAKRA. As a result of the accident, Compass's employees filed numerous workers compensation claims, which were paid by Compass's insurer. In turn, the M/V KALIAKRA's owners and insurers paid Compass's insurer 100% of the value of the workers compensation claims, which meant that Compass's insurer endured no loss. Compass apparently changed insurance carriers and pays a higher premium. It blames its new higher premiums on the claims filed by Compass's employees after the allision.

Assuming that Compass's higher premiums did result in some finite sense from the M/V KALIAKRA's negligence, Compass's claims are barred under our general rule. These economic damages are traceable only to the personal injuries of Compass's employees, but Compass has no property interest in its employees in any relevant sense. Compass did have a property interest in a few thousand dollars worth of equipment which fell overboard during the accident, but Compass's claimed economic damages are unrelated to the loss of that equipment.

Compass argues that the rule is old and eroding. This reliance on the age of the rule in resistance to its application is

---

[5] See State of Louisiana ex rel Guste v. M/V Testbank, 752 F.2d 1019, 1023-24, 1026-27 (5th Cir. 1985) (en banc).

4

not persuasive.  Its age rather attests to its utility.  And we are otherwise unpersuaded of its erosion.

First, Compass argues that employers have been allowed to recover from defendants any compensation payments the employer made to its employees after an accident.[6]  However, such recovery is a form of indemnification, in which the defendant pays the employer the sums paid to the employees by the employer for damage caused by the defendant.  The employer's recovery rests on the employee's personal injury.

In this case, Compass bore none of the costs of the compensation awards to its employees.  Compass's insurer paid those claims and was in turn fully reimbursed by the defendants.  Perhaps Compass's insurance rates should not have been raised by its new insurer in a situation in which the predecessor insurer had no loss, but that is a bone Compass must pick with its new insurer and not the defendants.  It is precisely the type of remote economic injury rippling at a distant point from the liability event and unanchored by concrete injury to property that we have consistently disallowed.

Second, Compass contends that some courts have allowed the recovery of increased insurance premiums which resulted after an insurer was forced to compensate victims of a defendant's negligence, citing Ledex, Inc. v. Healthbath Corp.[7]  In Ledex, however, the Ohio Supreme Court merely held that a particular state

---

[6] See, e.g., Adams v. Texaco, 640 F.2d 618 (5th Cir. 1981).

[7] 461 N.E.2d 1299 (Ohio 1984).

5

statute, which purported to void all agreements to indemnify employers against payment of compensation to workers, *did not bar* an employer from seeking to recover increased workers compensation premiums resulting from injuries suffered by its employees at the hands of a third party.[8] <u>Ledex</u> did not hold that such damages were compensable, but only that they were not barred by a particular statute.[9]

In sum, we remain unpersuaded of the need to revise the longstanding admiralty rule that economic damages are not recoverable in negligence untethered to an injury to a property interest. As this circuit explained in <u>Akron Corp. v. M/T Cantigny</u>:[10] "The rule's purpose is to prevent limitless liability for negligence and the filing of law suits of a highly speculative nature."[11] This case is just another example of the type of speculative and potentially unbounded liability the rule aims to preclude.

AFFIRMED.

---

[8] <u>See</u> <u>id.</u> at 1304.

[9] <u>See</u> <u>id.</u> at 1303. Compass also cites <u>Tiger Well Service, Inc.</u>, 343 So.2d 1158 (La. App. 3d Cir. 1977), for the proposition that increased insurance premiums may be recovered as economic damages. However, in <u>Tiger Well</u>, the plaintiff suffered property damage and was only allowed to recover economic damages to the degree that they flowed from the claim of property damages. <u>See id.</u> at 1158. Thus, the court in <u>Tiger Well</u> did not oppose the rule at issue here.

[10] 706 F.2d 151 (5th Cir. 1983).

[11] <u>Id.</u> at 152.